OPINION
{¶ 1} Appellant, Jon Stillwell, appeals from the judgment entries of the Lake County Court of Common Pleas, convicting and sentencing him for operating a vehicle under the influence of alcohol. For the reasons herein, we affirm appellant's convictions but reverse and remand the matter for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. *Page 2 
 {¶ 2} On October 26, 2004, shortly after midnight, Officer Spring of the Madison Village Police Department observed appellant sitting in his vehicle in the left-turn lane on West Main Street. The traffic signal changed yet appellant's vehicle did not proceed through the intersection. Other motorists began honking their horns at which time Spring maneuvered his vehicle close to appellant's. The officer exited his vehicle, approached appellant's vehicle, and observed appellant slumped over the steering wheel. The officer knocked on the vehicle's window, but appellant did not awaken. Officer Spring proceeded to open the driver's-side door, reached in to put the vehicle in park, turned off the engine, and withdrew the keys from the ignition. Officer Spring noticed a strong odor of alcohol emitting from the vehicle. The officer shook appellant and asked him if he was alright. Appellant, disoriented, first stated that he thought he was either at home or at his neighbor's house. Realizing neither belief was accurate, appellant observed, "Oh, I am in trouble." Appellant's speech was slurred as he was coming to; his eyes were bloodshot; and his pupils were dilated. Officer Spring then called for backup, and two other officers arrived at the scene.
 {¶ 3} Appellant was asked to exit his vehicle and take field sobriety tests but refused. He was then placed under arrest and transported back to the village police station, where he refused to submit to a breathalyzer.
 {¶ 4} Appellant was indicted in a three-count indictment for operating a vehicle under the influence ("OVI"), in violation of R.C.4511.19(A)(1)(a), a felony of the fourth degree; a second count of OVI, in violation of R.C. 4511.19(A)(2), a felony of the fourth degree; and driving while under suspension, in violation of R.C. 4510.14, a misdemeanor of the first degree. Counts One and Two of the indictment recited that *Page 3 
appellant had been previously convicted of five OVI offenses between 1989 and 2001. The two OVI counts also contained a specification pursuant to R.C. 2941.1413, to the effect that Stillwell had been previously convicted of five or more OVI offenses within the previous 20 years. The specifications also provided that "[c]onviction of this offense with the specification pursuant to R.C. 2941.1413 carries with it a mandatory prison term."
 {¶ 5} Appellant entered a not guilty plea to all charges. The matter proceeded to a jury trial. During trial, appellant stipulated to the five previous convictions he received between 1989 and 2001. On the second day of trial, outside the presence of the jury, appellant changed his not guilty plea to Count Three of the indictment, and entered a plea of guilty to the charge of driving while under suspension.
 {¶ 6} The jury deliberated on the remaining two counts of the indictment and returned guilty verdicts to both counts. It also made the additional findings with respect to the two specifications, and found that appellant had been convicted of five previous OVI offenses within the previous 20 years.
 {¶ 7} At the sentencing hearing, the trial court merged the two OVI offenses for purposes of sentencing. It also engaged in judicial factfinding that "the shortest term will demean the seriousness of the Defendant's conduct and the shortest term will not adequately protect the public from future crime by the Defendant or others." The trial court imposed a prison sentence of one year with respect to the conviction under Count Two of the indictment, and an additional one-year sentence with respect to the specification under Count Two of the indictment. The second one-year sentence was to be served consecutively to the sentence under Count Two. A concurrent sentence of *Page 4 
six months was imposed for the driving while under suspension conviction. The court also imposed fines of $800 for Count Two and $500 for Count Three of the indictment, ordered a suspension of his driver's license, and notified appellant that he may be subject to post-release control for up to three years.
 {¶ 8} Appellant filed a timely appeal to this court, asserting four assignments of error.
 {¶ 9} Appellant's first assignment of error asserts:
 {¶ 10} "The conviction of the defendant-appellant under R.C. 4511.19
with a specification pursuant to R.C. 2941.1413 violated the defendant's protection against double jeopardy as guaranteed by the Fifth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 11} Under his first assignment of error, appellant argues that he received multiple punishments for the same offense. That is, he was convicted of OVI pursuant to Counts One and Two of the indictment. The charges in these counts provided that he had been convicted of five or more OVI offenses in the previous 20 years. The additional findings in the specifications to those counts also provided that he was convicted of five or more OVI offenses within the previous 20 years. He received a one-year prison term for the OVI convictions, as well as a one-year prison term for the specifications. Thus, appellant contends, he was punished twice for the same offense and therefore placed twice in jeopardy in violation of the Constitution.
 {12} Appellant made no objection to his sentence on the ground of double jeopardy in the trial court. This court is permitted to notice plain errors committed in the trial court and urged for the first time on appeal "under exceptional circumstances and *Page 5 
only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 13} The punishments that were imposed upon appellant were derived from R.C. 4511.19 and R.C. 2941.1413. Effective September 23, 2004, R.C.4511.19 was amended by H.B. 163. That enactment also created R.C.2941.1413.
 {¶ 14} The pertinent parts of R.C. 4511.19 in effect on October 26, 2004, the date of appellant's offense read as follows:
 {¶ 15} "(A)(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, division (A)(1) or (B) of this section, or a municipal OVI offense shall do both of the following:
 {¶ 16} "(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;
 {¶ 17} "(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 (4511.19.1) of the Revised Code, and being advised by the officer in accordance with section4511.192 (4511.19.2) of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.
 {¶ 18} "* * *
 {¶ 19} "[(G)(1)](d) * * * [A]n offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that *Page 6 
nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:
 {¶ 20} "* * *
 {¶ 21} "(ii) If the sentence is being imposed for a violation of * * * division (A)(2) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 (2941.14.13) of the Revised Code or, in the discretion of the court, either a mandatory term of local incarceration of one hundred twenty consecutive days in accordance with division (G)(1) of 2929.13 of the Revised Code or a mandatory prison term of one hundred twenty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. * * * If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison term shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code."
 {¶ 22} The pertinent part of R.C. 2941.1413 reads as follows:
 {¶ 23} "(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the *Page 7 
offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses."
 {¶ 24} The prohibition against double jeopardy guards citizens against both successive prosecutions and cumulative punishments for the "same offense." State v. Rance, 85 Ohio St.3d 632, 634, 1999-Ohio-291. However, where its intent is manifest, the General Assembly may prescribe the imposition of cumulative punishments for crimes which constitute the same offense without violating constitutional protections against double jeopardy. Id. at 635, citing, Albernaz v.United States (1981), 450 U.S. 333, 344. In this respect, "[t]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."Missouri v. Hunter (1983), 459 U.S. 359, 366.
 {¶ 25} In the instant matter, appellant was convicted of an underlying fourth degree felony OVI offense pursuant to R.C. 4511.19(A)(2). A defendant convicted of a felony of the fourth degree faces a term of imprisonment between 6 and 18 months. Appellant was sentenced to one year for his fourth degree felony conviction.
 {¶ 26} Under R.C. 4511.19(G) (1 )(d)(ii), an offender convicted under R.C. 4511.19(A)(2), who is also convicted of or pleads guilty to the specification under R.C. 2941.1413, shall be subject to a mandatory prison term of 1 to 5 years. A careful reading of the specification set forth under R.C. 2941.1413 reveals that the mandatory 1 to 5 years of incarceration must be imposed in addition to the sentence for the underlying conviction. The language and interplay of R.C.4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses *Page 8 
within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. See State v. Midcap, 9th Dist. No. 22908, 2006-Ohio-2854. Therefore, R.C. 4511.19(G)(1)(d)(ii) and R.C.2941.1413 "clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation." Id. at ¶ 12.
 {¶ 27} As we discern no violation of appellant's right to be free from double jeopardy, his first assignment of error is without merit.
 {¶ 28} Appellant's second assignment of error reads:
 {¶ 29} "The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 30} On February 27, 2006, the Supreme Court of Ohio issuedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 which held judicial factfinding under R.C. 2929.14(B), inter al., unconstitutional.Foster, supra, at paragraphs one and three of the syllabus, followingApprendi v. New Jersey (2000), 530 U.S. 466 and Blakely v.Washington (2004), 542 U.S. 296. By way of remedy, the offending statutes were severed from the Code pursuant to United States v.Booker (2005), 543 U.S. 220. Foster, supra, paragraphs two and four of the syllabus. The Court determined that Foster would apply to all pending cases on direct review. Id. at ¶ 106. *Page 9 
 {¶ 31} Here, the trial court sentenced appellant on December 21, 2005, approximately nine weeks before the Supreme Court's decision inFoster. Appellant made no Blakely-oriented objection to the sentences at the sentencing hearing. Generally, absent plain error, failure to object operates as a waiver of that issue on appeal. However, courts in Ohio are split as to whether the failure to object at the sentencing hearing acts as a waiver of the Foster issue. The Ninth and Tenth Appellate Districts have found that Foster issues may be waived if they are not raised to the trial court. See, e.g., State v. Silverman, 10th Dist. Nos. 05AP-837, 05AP-838, 05AP-839, 2006-Ohio-3826, at ¶ 139-141;State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1820. Conversely, this could, along with the Second, Sixth, and Seventh Appellate Districts have held the Foster issue cannot be waived. See State v. Perry, 11th Dist. No. 2006-T-0078, 2007-Ohio-2050; State v. Davis, 2d Dist. No. 21047, 2006-Ohio-4005; State v. Brinkman, 6th Dist. No. WD-05-058,2006-Ohio-3868; State v. Buchanan, 7th Dist. No. 05-MA-60,2006-Ohio-5653.[1]
 {¶ 32} In this matter, the trial court sentenced appellant to more-than-the-minimum under former R.C. 2929.14(B).[2] Moreover, appellant's convictions on the underlying OVI and the specification under R.C. 2941.1413 were ordered to be served consecutively. Consecutive sentences are mandatory in this context and thus the trial court neither engaged in nor was required to engage in impermissible judicial factfinding. However, in sentencing appellant to more-than-the-minimum, the trial court *Page 10 
found that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crime committed by him or others. Because the trial court engaged in unconstitutional judicial factfinding prohibited by Foster, appellant's sentences for the two felony convictions must be vacated, the trial court's judgment reversed, and this matter is remanded to the trial court for resentencing. Id. at ¶ 103-04.
 {¶ 33} Furthermore, as an ancillary matter, the trial court sought to impose a mandatory prison term of 120 days as part of its sentence of 12 months for the conviction under Count Two of the indictment pursuant to R.C. 4511.19(G) (1 )(d)(ii). Although no objection was made on this issue, we hold this aspect of the trial court's sentence was plain error.
 {¶ 34} The court's order provides:
 {¶ 35} "IT IS THEREFORE ORDERED THAT the defendant, Jon Stillwell, be and hereby is sentenced to serve a definite term of incarceration of twelve (12) months in prison on Count 2, one hundred twenty (120) days of which is a mandatory term, one (1) year mandatory prison term on the specification to Count 2, to be served consecutive to the prison term on Count 2, and six (6) months in the Lake County Jail on Count 3, to be served concurrent with Count 2 and the specification to Count 2, for a total of two (2) years in prison, with credit for fifty (50) days time served."
 {¶ 36} R.C. 4511.19(G)(1)(d)(ii) states that the trial court may impose a "mandatory prison term of one hundred twenty consecutive days in accordance with division (G)(2) of [R.C. 2929.13] if the offender is not convicted of and does not plead guilty to a specification [of the type described in R.C. 2941.1413]." Here, appellant was *Page 11 
convicted under R.C. 2941.1413. Accordingly, R.C. 4511.19(G) (1 )(d)(ii) does not authorize the trial court's imposition of the mandatory one hundred twenty days as part of its sentence. The trial court shall correct this additional error on resentencing.
 {¶ 37} Appellant's second assignment of error has merit.
 {¶ 38} Appellant's third assignment of error states:
 {¶ 39} "The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim. R. 29."
 {¶ 40} "In ruling on a motion for judgment of acquittal, the trial court must view the evidence in the light most favorable to the state. The Ohio Supreme Court has consistently held that a trial court may not enter a judgment of acquittal where reasonable minds could differ on whether each material element of a crime has been proven beyond a reasonable doubt." State v. Horsley, 10th Dist. No. 05AP-350,2006-Ohio-1208, at ¶ 44. (Citations omitted.)
 {¶ 41} Therefore, a ruling on a motion for acquittal pursuant to Crim.R. 29 tests the sufficiency of the evidence. State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, *15. . "`"Sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v.Thompkins (1997), 78 Ohio St.3d 380, 386. (Citation omitted.) *Page 12 
 {¶ 42} In the instant case, appellant was convicted under R.C.4511.19(A)(1)(a) and R.C. 4511.19(A)(2). Under subsection (A)(1)(a), the state was required to prove appellant was operating a vehicle under the influence of alcohol. Under subsection (A)(2), the state was required to prove appellant was operating a vehicle under the influence of alcohol; that he had previously been convicted of OVI within the previous 20 years; and that he refused to submit to a sobriety test after being advised of the consequences of his failure to do so.
 {¶ 43} At trial, the evidence in support of the convictions consisted of the circumstances presented to Officer Spring at the traffic stop. The evidence demonstrated appellant was stopped at a traffic light with his engine running, the traffic signal changed but he did not proceed through the intersection. He was slumped over the wheel and unconscious, and when the officer approached his vehicle and opened the door, he noticed a strong odor of alcohol. After reviving, appellant was disoriented and confused about where he was. Spring observed appellant's speech was slurred and his eyes were glassy. Finally, upon exiting the vehicle, appellant refused to submit to field sobriety tests, and after being transported to the police station, he refused to take a sobriety test.
 {¶ 44} Reviewing the evidence in the light most favorable to the state of Ohio, a rational trier of fact could have found the elements of OVI were proven beyond a reasonable doubt. Therefore, as a matter of law, the evidence was sufficient to sustain the convictions.
 {¶ 45} The third assignment of error is without merit.
 {¶ 46} The fourth assignment of error is as follows: *Page 13 
 {¶ 47} "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 48} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has provided the following guidance for reviewing courts:
 {¶ 49} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, supra, at 387. (Citations omitted.) See, also,State v. Thomas, 11th Dist. No. 2004-L-176, 2005-Ohio-6570, at ¶ 27-29.
 {¶ 50} The weight to be given to the evidence and the credibility of the witnesses are primarily matters for the jury to decide. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 51} In addition to the testimony of Officer Spring, three other police officers testified. In particular, Officers Gosnik and Smoot, who came on the scene to assist Officer Spring, testified that they detected an odor of alcohol emanating from appellant and noticed appellant's speech was slurred. Further, Officer Kirk was called in to operate the breathalyzer machinery, and testified that appellant refused to take a sobriety test after being advised of the consequences of his refusal to do so. *Page 14 
 {¶ 52} Appellant did not testify at trial. Therefore, we hold the jury did not clearly lose its way in arriving at its verdict that appellant was guilty of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2).
 {¶ 53} The fourth assignment of error is without merit.
 {¶ 54} For the reasons set forth in this Opinion, appellant's first, third, and fourth assignments of error are overruled. However, appellant's second assignment of error is sustained. Accordingly, the judgment of the Lake County Court of Common Pleas is hereby affirmed in part, reversed in part, and remanded for resentencing.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur.
[1] The Sixth Appellate District certified a conflict to the Supreme Court of Ohio pertaining to the split on the issue of waiver inBrinkman, supra, at ¶ 33.
[2] Appellant's sentence for his conviction for driving while under suspension has not been challenged in this court and will not be disturbed. State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at paragraph three of the syllabus. *Page 1