OPINION
{¶ 1} Appellant, Jeffrey D. Kearns, appeals from the October 23, 2006 judgment entry of the Lake County Court of Common Pleas, sentencing him for operating a vehicle under the influence of alcohol ("OVI").
 {¶ 2} Kearns was charged with one count of operating a vehicle under the influence of alcohol, a drug of abuse, in violation of R.C.4511.19(A)(1)(a) and one count of operating a vehicle with a prohibited concentration of alcohol, in violation of *Page 2 
R.C. 4511.19(A)(1)(d). Each count carried with it a specification pursuant to R.C. 2941.1413, to the effect that Kearns had been previously convicted of five or more OVI offenses within the previous 20 years. The specification provided that "[c]onviction of this offense with the specification pursuant to R.C. 2941.1413 carries with it a mandatory prison term."
 {¶ 3} On September 11, 2006, Kearns entered a plea of guilty to count one, operating a vehicle under the influence of alcohol, a drug of abuse, in violation of R.C. 4511.19(A)(1)(a), a felony of the third degree, with a specification pursuant to R.C. 2941.1413.
 {¶ 4} The trial court issued its sentence on October 23, 2006. Kearns was sentenced to serve a term of incarceration of four years on count one and an additional mandatory term of one year for the specification. These terms were to run consecutively for a total term of five years. At the sentencing hearing, the trial judge stated Kearns committed the instant offense while on probation for a felony DUI in Cuyahoga County. Therefore, the sentence imposed for the instant offense is to be served concurrently to the sentence imposed in Cuyahoga County Common Pleas Court.
 {¶ 5} Kearns filed a timely appeal to this court asserting three assignments of error.
 {¶ 6} Kearns' first assignment of error states:
 {¶ 7} "The trial court erred by sentencing the defendant-appellant to a five-year term of imprisonment." *Page 3 
 {¶ 8} Kearns contends the trial court erred when it imposed a five-year term of imprisonment. Specifically, Kearns argues the record does not demonstrate the trial court considered the factors enumerated in R.C. 2929.12. Pursuant to State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, at ¶ 19, this court has held post-Foster felony sentencing is generally reviewed for abuse of discretion. "[I]f the sentence falls within the statutory range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point." Id. at ¶ 20. There are certain limited circumstances, however, where the clear and convincing standard of review remains viable. For example, the clear and convincing standard of review will be employed where it is alleged the sentence is contrary to law. Id. at ¶ 19-20. See, also, e.g., State v. Burton, 10th Dist, No. 06AP-690, 2007-Ohio-1941.
 {¶ 9} "Although a trial court is required to consider the seriousness and recidivism factors, the court does not `"need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."`" State v.Lewis, 11th Dist No. 2006-L-224, 2007-Ohio-3014, at ¶ 24. (Citations omitted.)
 {¶ 10} A review of the record clearly reflects that sentencing factors under R.C. 2929.12 were considered by the trial court prior to sentencing. At the sentencing hearing, the trial court referenced the factors it found applicable. While Kearns contends the court did not properly consider the fact that he "showed genuine remorse, that he had come to acknowledge his alcohol addiction the seriousness of it and that he was eager to obtain treatment," the trial court did consider the acknowledgement of his *Page 4 
addiction and his desire to obtain treatment. In fact, at the sentencing hearing, the trial court set forth an extensive discussion of the factors considered before imposing Kearns' sentence. Moreover, the trial court's judgment entry of sentence states the court considered "the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." We further note that since Kearns' sentence is within the statutory range, the trial court did not abuse its discretion. See R.C. 2929.14(A)(3). Therefore, this argument is without merit.
 {¶ 11} Kearns' second assignment of error states:
 {¶ 12} "The conviction of the defendant-appellant under R.C. 4511.19
with a specification pursuant to R.C. 2941.1413 violated the defendant-appellant's protection against double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution."
 {¶ 13} Kearns asserts he received multiple punishments for the same offense. Specifically, Kearns argues the state should not be permitted to prosecute him for a violation of R.C. 4511.19, with a specification pursuant to R.C. 2941.1413.
 {¶ 14} H.B. 163 created R.C. 2941.1413, which provides, in relevant part:
 {¶ 15} "(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses." *Page 5 
 {¶ 16} In State v. Midcap, 9th Dist. No. 22908, 2006-Ohio-2854, the Ninth Appellate District addressed whether R.C. 2941.1413 violates an appellant's rights against double jeopardy. The Midcap Court held:
 {¶ 17} "[T]he sentencing provisions clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation." Id. at ¶ 12.
 {¶ 18} This court, in State v. Stillwell, 11th Dist. No. 2006-L-010,2007-Ohio-3190, adopted the position taken by the Ninth Appellate District. In Stillwell, the appellant was convicted of an underlying fourth degree felony OVI offense pursuant to R.C. 4511.19(A)(2). This court noted "[t]he language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction." Id. at ¶ 26. See also, State v. Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243.
 {¶ 19} In the case sub judice, Kearns pled guilty to a violation of R.C. 4511.19(A)(1)(a), a felony of the third degree, with a specification pursuant to R.C. 2941.1413. Therefore, because we have previously held that the offense and the specification are separate offenses, Kearns' protection against double jeopardy was not violated as he was not punished for the same offense twice. *Page 6 
 {¶ 20} In addition, Kearns did not raise these issues in the trial court. Generally, a constitutional challenge of a statute or its application must be raised in the first instance, i.e., at the trial level. State v. Awan (1986), 22 Ohio St.3d 120, 122-123. Kearns' guilty plea with no objection on the basis that his constitutional rights were violated effectively waives that objection.
 {¶ 21} For these reasons, the second assignment of error is without merit.
 {¶ 22} Kearns' third assignment of error states:
 {¶ 23} "The defendant-appellant's due process rights and rights to fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution were violated by ineffective assistance of counsel."
 {¶ 24} Kearns asserts he was denied ineffective assistance of counsel since his trial counsel failed to raise the issue of double jeopardy, failed to raise mitigating factors, and should have informed the court of the issues regarding a two-year prison sentence imposed in a Cuyahoga County case.
 {¶ 25} In State v. Bradley, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth inStrickland v. Washington (1984), 466 U.S. 668. Moreover, "`a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as *Page 7 
a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, * * * that course should be followed.'" Id. at 143, quotingStrickland, 466 U.S. at 697.
 {¶ 26} While Kearns alleges his trial counsel was ineffective, he fails to demonstrate that counsel's conduct was not the result of "reasonable, professional judgment." State v. Lei, 10th Dist. No. 05AP-288, 2006-Ohio-2608, at ¶ 26.
 {¶ 27} In fact, in order to support his argument, Kearns does nothing more than make general, conclusory allegations as to his counsel's ineffectiveness. Kearns has not demonstrated that his counsel's level of performance fell below an objective standard of reasonable representation, and he has failed to establish the results of the proceeding would have been different if his counsel would have raised the enumerated issues. Further, as previously discussed in Kearns' second assignment of error, his protection against double jeopardy was not violated. For the foregoing reasons, Kearns' claim of ineffective assistance of counsel is not well-taken.
 {¶ 28} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs.
COLLEEN MARY OTOOLE, J., concurs in judgment only with Concurring Opinion.