OPINION
{¶ 1} Appellant, Darrin L. Zampini ("Mr. Zampini"), appeals the conviction and sentence imposed on him by the Lake County Court of Common Pleas for operating a motor vehicle under the influence of alcohol, with a specification under R.C. 2941.1413, and for failure to stop after an accident. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} Following an automobile collision that occurred on December 26, 2006, the Lake County Grand Jury returned a four count indictment against Mr. Zampini for *Page 2 
the following offenses: (1) operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree, with a specification under R.C. 2941.1413
for having five or more OVI convictions in the last twenty years; (2) operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(2), a felony of the fourth degree, with a specification under R.C. 2941.1413 for having five or more OVI convictions in the last twenty years; (3) failure to stop and yield the right of way at an intersection, a minor misdemeanor in violation of R.C. 4511.43(A); and (4) failure to stop after an accident, a misdemeanor of the first degree, in violation of R.C. 4549.02. Initially, Mr. Zampini pled not guilty to the offenses.
 {¶ 4} On May 2, 2007, Mr. Zampini filed a motion to dismiss the R.C.2941.1413 specifications. Mr. Zampini argued that the specifications violated the Double Jeopardy Clause by subjecting him to multiple punishments for the same offense, in violation of the Fifth and Fourteen Amendments to the United States Constitution and contrary to Section 10, Article I of the Ohio Constitution. The state filed a brief in opposition to the motion to dismiss.
 {¶ 5} Subsequently, Mr. Zampini withdrew his previously entered not guilty plea and entered a written plea of no contest to count one, the OVI charge with the specification and to count four, failing to stop after an accident. The trial court found Mr. Zampini guilty of these offenses and sentenced him to twenty-four months on count one, with credit for ninety-six days served; and one hundred eight days on count four, to be served concurrently. Mr. Zampini was sentenced to an additional two years of imprisonment for the OVI specification and was ordered to pay a fine of $800. He was *Page 3 
also ordered to enter and successfully complete a treatment program while incarcerated.
 {¶ 6} Mr. Zampini filed the instant appeal, raising one assignment of error:
 {¶ 7} "The conviction of the defendant-appellant under R.C. 4511.19
with a specification pursuant to R.C. 2941.1413 violated the defendant-appellant's protection against double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 8} R.C. 2941.1413 and the Double Jeopardy Clause
 {¶ 9} Mr. Zampini contends that the state should not have been allowed to prosecute him for the OVI offense and the specification attached to that charge because this subjected him to multiple punishments for the same offense, in violation of the Double Jeopardy Clause. See State v.Gustafson (1996), 76 Ohio St.3d 425.
 {¶ 10} We recently considered and rejected this exact argument inState v. Stillwell, 11th Dist. No. 2006-L-010, 2007-Ohio-3190. InStillwell, the defendant was convicted of two counts of operating a vehicle under the influence, in violation of R.C. 4511.129(G)(1)(d)(ii), with specifications for having five or more previous OVI offenses, under R.C. 2941.1413. Like Mr. Zampini, the defendant in Stillwell claimed that his double jeopardy rights were violated because he received multiple punishments for the "same offense." We found no double jeopardy violation because we concluded that when a criminal defendant is sentenced under the specification found in R.C. 2941.1413, the specification represents an additional penalty, separate from the OVI offense.
 {¶ 11} Initially, we explained that "[t]he prohibition against double jeopardy guards citizens against both successive prosecutions and cumulative punishments for *Page 4 
the `same offense.' State v. Rance (1999), 85 Ohio St.3d 632, 634. However, where its intent is manifest, the General Assembly may prescribe the imposition of cumulative punishments for crimes which constitute the same offense without violating constitutional protections against double jeopardy. Id. at 365, citing, Albernaz v.United States (1981), 450 U.S. 333, 344. In this respect, `[t]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'Missouri v. Hunter (1983), 459 U.S. 359, 366." Stillwell at ¶ 24.
 {¶ 12} We continued, by stating:
 {¶ 13} "A careful reading of the specification set forth under R.C.2941.1413 reveals that the mandatory 1 to 5 years of incarceration must be imposed in addition to the sentence for the underlying conviction. The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C.2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. See State v. Midcap, 9th Dist. No. 22908, 2006-Ohio-2854. Therefore, R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 `clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation.' Id. at ¶ 12." Stillwell at ¶ 26; see, also,State v. Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243. *Page 5 
 {¶ 14} We continue to adhere to our holding in Stillwell and find that it also applies to OVI violations where the defendant is charged with an OVI under 4511.19(A)(1)(a) and is charged with a specification under R.C. 2941.1413. In this case, Mr. Zampini pled no contest to and was convicted of one count of a fourth degree OVI felony offense pursuant to R.C. 4511.19(A)(1)(a) and was sentenced to a prison term of twenty-four months, consistent with the range of sentencing under R.C.4511.19(G)(1)(d)(i), in accordance with R.C. 2929.13.[1] Because Mr. Zampini was also convicted of or pled guilty to five or more OVI offenses in the past twenty years and was then charged and convicted of the specification under R.C. 2941.1413, he was also subject to a mandatory prison term of between one to five years pursuant to R.C.2929.13(G)(2). We find that Mr. Zampini was not being punished for the same offense twice. Therefore, there was no double jeopardy violation.
 {¶ 15} Mr. Zampini's assignment of error is overruled.
 {¶ 16} The judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] The trial court referred to the incorrect section of the sentencing statute. However, we still find Mr. Zampini was sentenced within the statutory range. *Page 1