OPINION
{¶ 1} Appellant, Keith A. Moyer ("Mr. Moyer"), appeals the conviction and sentence imposed on him by the Lake County Court of Common Pleas, for operating a motor vehicle under the influence of alcohol, with a specification under R.C. 2941.1413. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History *Page 2 
 {¶ 3} On March 26, 2007, Mr. Moyer was charged with two counts of operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1) and (A)(2), felonies of the fourth degree, with specifications under R.C. 2941.1413 for having five or more OVI convictions in the past twenty years. Mr. Moyer pled not guilty to the charges.
 {¶ 4} On April 18, 2007, Mr. Moyer filed a motion to dismiss the R.C.2941.1413 specifications, arguing that the specifications violated the Double Jeopardy Clause by subjecting him to multiple punishments for the same offense, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and contrary to Section 10, Article I of the Ohio Constitution. The state filed a brief in opposition to the motion to dismiss.
 {¶ 5} On May 4, 2007, the trial court overruled Mr. Moyer's motion to dismiss the specifications, finding no double jeopardy violation. On May 8, 2007, Mr. Moyer withdrew his former not guilty plea and entered a plea of no contest to count two of the indictment, operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C.4511.19(A)(2), with a specification under R.C. 2941.1413. The trial court entered a nolle prosequi on the remaining count.
 {¶ 6} On May 9, 2007, the trial court found Mr. Moyer guilty. Following a sentencing hearing, on June 14, 2007, the trial court sentenced Mr. Moyer to a prison term of twenty-four months, one hundred twenty days of which is a mandatory term pursuant to R.C.4511.99(A)(4)(a), with credit for one hundred twenty-five days served. The trial court also ordered Mr. Moyer to serve a mandatory three year prison term for the specification, prior to and consecutive to the twenty-four month term. In addition, *Page 3 
Mr. Moyer was fined $1,000. His driver's license was suspended for twenty years and his vehicle was forfeited. The trial court also notified Mr. Moyer that postrelease control was optional up to a maximum of three years.
 {¶ 7} Mr. Moyer filed the instant appeal, raising one assignment of error:
 {¶ 8} "The conviction of the defendant-appellant under R.C. 4511.19
with a specification pursuant to R.C. 2941.1413 violated the defendant-appellant's protection against double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 9} R.C. 2941.1413 and the Double Jeopardy Clause
 {¶ 10} Mr. Moyer contends that the state should not have been allowed to prosecute him for the OVI offense and the specification attached to that charge because this subjected him to multiple punishments for the same offense, in violation of the Double Jeopardy Clause. See State v.Gustafson (1996), 76 Ohio St.3d 425.
 {¶ 11} We addressed this exact argument and rejected it in State v.Stillwell, 11th Dist. No. 2006-L-010, 2007-Ohio-3190 and State v.Zampini, 11th Dist. No. 2007-L-109, 2008-Ohio-531. In those decisions, "[w]e found no double jeopardy violation because we concluded that when a criminal defendant is sentenced under the specification found in R.C.2941.1413, the specification represents an additional penalty, separate from the OVI offense." Zampini, at ¶ 10. Our rationale was as follows:
 {¶ 12} "The prohibition against double jeopardy guards citizens against both successive prosecutions and cumulative punishments for the `same offense.' State v. Rance (1999), 85 Ohio St.3d 632, 634. However, where its intent is manifest, the General Assembly may prescribe the imposition of cumulative punishments for crimes *Page 4 
which constitute the same offense without violating constitutional protections against double jeopardy. Id. at 639, citing Albernaz v.United States (1981), 450 U.S. 333, 334. In this respect, `[t]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'Missouri v. Hunter (1983), 459 U.S. 359, 366." Zampini at ¶ 11, citingStillwell at ¶ 24.
 {¶ 13} We further explained that the specification under R.C.2941.1413 "reveals that the mandatory 1 to 5 years of incarceration must be imposed in addition to the sentence for the underlying conviction. The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C.2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. See State v. Midcap, 9th Dist. No. 22908, 2006 Ohio 2854. Therefore, R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 `clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation.' Id. at ¶ 12." Zampini at ¶ 13, citingStillwell at ¶ 26; see, also, State v. Neely, 11th Dist. No. 2007-L-054,2007 Ohio 6243.
 {¶ 14} In accordance with our decisions in Stillwell andZampini, we find that Mr. Moyer's double jeopardy rights were not implicated. Mr. Moyer pled guilty to and was convicted of one count of a fourth degree OVI felony offense under R.C. 4511.19(A)(2). The trial court properly sentenced him within the statutory range, to twenty-four months *Page 5 
in prison for the OVI offense. Because Mr. Moyer was also convicted of or pled guilty to five or more OVI offenses in the past twenty years and was then charged and convicted of the specification under R.C.2941.1413, he was also subject to a mandatory prison term of between one to five years pursuant to R.C. 2929.13(G)(2). Because Mr. Moyer was not being punished for the same offense twice, we conclude that there was no double jeopardy violation.
 {¶ 15} Mr. Moyer's assignment of error is overruled.
 {¶ 16} The judgment of the Lake County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1