OPINION
{¶ 1} In the instant appeal, submitted on the record and the briefs of the parties, appellant, William P. Fouts, IV, appeals the judgment of the Lake County Court of Common Pleas, convicting him of two counts of Operating a Vehicle Under the Influence of Alcohol, felonies of the fourth degree, in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2). Each count carried with it a specification, as set forth in R.C. *Page 2 2941.1413, that Fouts had previously been convicted of, or pled guilty to, five or more OVI offenses within the previous twenty years. Following his no contest plea, the court sentenced Fouts to eighteen months imprisonment on each OVI count, with a mandatory additional term of imprisonment of one year for each specification. The court ordered these sentences to be served concurrently, for a total term of imprisonment of two and a half years. For the reasons that follow, we affirm the judgment of the lower court.
 {¶ 2} The charges in the instant case arose after a Kirtland police officer observed Fouts driving with no front tire on or about June 24, 2006. Fouts refused to submit to a breathalyzer test, despite the fact that he had previously been convicted of an OVI offense.
 {¶ 3} Prior to the entry of his plea, Fouts filed a Motion to Dismiss the aforementioned repeat-offender specifications on double jeopardy grounds. This motion was overruled by the trial court.
 {¶ 4} Fouts appeared for sentencing on August 31, 2007. He now timely appeals, assigning the following as error for our review:
 {¶ 5} "The conviction of the defendant-appellant under R.C. 4511.19
with a specification pursuant to R.C. 2941.1413 violated the defendant-appellant's protection against double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution."
 {¶ 6} Fouts argues that the trial court's imposition of the additional mandatory prison term pursuant to the R.C. 2941.1413 repeat offender specification "violates the Double Jeopardy Clause because it subjects [him] to multiple punishments] for the same offense." We disagree. *Page 3 
 {¶ 7} This court has previously considered and rejected this argument.State v. Stilwell, 11th Dist. No. 2006-L-010, 2007-Ohio-3190, at ¶ 27;State v. Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243, at ¶ 54;State v. Kearns, 11th Dist. No. 2007-L-047, 2007-Ohio-7117, at ¶ 19;State v. Zampini, 11th Dist. No. 2007-L-109, 2008-Ohio-531, at ¶ 10.
 {¶ 8} In Stilwell, we explained that "[t]he prohibition against double jeopardy guards citizens against * * * cumulative punishments for the `same offense.'" 2007-Ohio-3190, at ¶ 24, citing State v. Ranee,85 Ohio St.3d 632, 634, 1999-Ohio-291. "However, where its intent is manifest, the General Assembly may prescribe the imposition of cumulative punishments for crimes which constitute the same offense without violating constitutional protections against double jeopardy." Id. (citations omitted). "In this respect, `[t]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing a greater punishment than the legislature intended.'" Id. (citation omitted).
 {¶ 9} Thus, we held that R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413
did not violate the double jeopardy clause "[b]ecause the legislature * * * specifically authorized cumulative punishment" in such cases. Id. at ¶ 26.
 {¶ 10} For these reasons, Fouts' sole assignment of error is without merit.
 {¶ 11} The judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J. concur. *Page 1