OPINION
{¶ 1} Appellant, Edwin D. Dickson, appeals from the judgment entry of the Lake County Court of Common Pleas denying his motion to dismiss one count of operating a vehicle under the influence of alcohol (OVI). We affirm.
 {¶ 2} On October 31, 2005, appellant was indicted on one count of OVI, a felony of the fourth degree, in violation of R.C. 4511.19(A)(1)(a), and one count of OVI, a felony of the fourth degree, in violation of R.C. 4511.19(A)(2). Each count carried with it a specification pursuant to R.C. 2941.1413, alleging appellant "had been previously *Page 2 
convicted of or pleaded guilty to five or more violations of division (A) or (B) of R.C. 4511.19 * * * within twenty years" of committing the underlying offenses. On August 20, 2007, Appellant pleaded no contest to one count of OVI, a fourth degree felony, in violation of R.C 4511.19(A)(1)(a) with a specification pursuant to R.C. 2941.1413. Prior to entering his plea, appellant filed a motion to dismiss challenging the specification on double jeopardy grounds. The motion was overruled by the trial court.
 {¶ 3} On September 27, 2007, the trial court sentenced appellant to 3 years community control for the underlying OVI offense. In addition, appellant was sentenced to a mandatory term of 2 years imprisonment with 3 years of community control on the specification; this term was ordered to be served consecutively with 60 days of local incarceration, pursuant to R.C. 4511.19(G)(1)(d)(i). Appellant now appeals the trial court's decision to overrule his motion to dismiss and accordingly assigns the following as error:
 {¶ 4} "The conviction of the defendant-appellant under R.C. 4511.19
with a specification pursuant to R.C. 2941.1413 violated the defendant-appellant's protection against double jeopardy as guaranteed by the fifth and fourteenth amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 5} Under his sole assignment of error, appellant asserts he received multiple punishments for the same offense. To wit, he was found guilty after pleading no contest; the charge contained a specification pursuant to R.C. 2941.1413 alleging appellant had been previously convicted of five or more OVI offenses within the previous 20 years. Appellant received a sentence of 2 years on the specification and 60 days on the OVI charge to be served consecutively. As a result, appellant asserts he *Page 3 
was punished twice for the same offense and therefore placed twice in jeopardy in violation of the Constitution.
 {¶ 6} The punishments imposed on appellant were derived from R.C. 4511.19 and R.C. 2941.1413. Effective September 23, 2004, R.C. 4511.19
was amended by H.B. 163. That enactment also created R.C. 2941.1413. The relevant parts of R.C. 4511.19 in effect on July 29, 2005, the date of appellant's offense read as follows:
 {¶ 7} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 8} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.
 {¶ 9} "* * *
 {¶ 10} "[(G)(1)](d) * * * [A]n offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:
 {¶ 11} "(i) If the sentence is being imposed for a violation of division (A)(1)(a) * * * of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of 2929.13
of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. If *Page 4 
the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term of the offense shall not exceed one year, and except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (B)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction."
 {¶ 12} The pertinent part of R.C. 2941.1413 reads as follows:
 {¶ 13} "(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses."
 {¶ 14} The constitutional prohibition against double jeopardy guards citizens against both successive prosecutions and cumulative punishments for the "same offense." State v. Rance, 85 Ohio St.3d 632, 634,1999-Ohio-291. However, where its intent is manifest, the General Assembly may prescribe the imposition of cumulative *Page 5 
punishments for crimes which constitute the same offense without violating constitutional protections against double jeopardy. Id. at 635, citing, Albernaz v. United States (1981), 450 U.S. 333, 344. In this respect, "[t]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter (1983), 459 U.S. 359, 366.
 {¶ 15} In State v. Stillwell, 11th Dist. No. 2006-L-010,2007-Ohio-3190, this court held the specification under R.C. 2941.1413
and R.C. 4511.19 did not violate the defendant's right to be free from double jeopardy;[1] although Stillwell, addressed a defendant's conviction under R.C. 4511.19(A)(2), which is subject to R.C. 4511.19(G)(1)(d)(ii), the holding in that matter is equally applicable to appellant's conviction under R.C. 4511.19(A)(1)(a), which is subject to 4511.19(G)(1)(d)(i). To wit, under R.C. 4511.19(G)(1)(d)(i), an offender convicted under R.C. 4511.19(A)(1)(a), who is also convicted of or pleads guilty to the specification under R.C. 2941.1413, shall be subject to a mandatory prison term of 1 to 5 years. InStillwell, this court observed:
 {¶ 16} "A careful reading of the specification set forth under R.C. 2941.1413 reveals that the mandatory 1 to 5 years of incarceration must be imposed in addition to the sentence for the underlying conviction. The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. See State v. Midcap, 9th Dist. No. 22908, 2006-Ohio-2854. Therefore, R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 `clearly *Page 6 
reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation.' Id. at ¶ 12." Stillwell, supra, at ¶ 26. (Emphasis sic.)
 {¶ 17} The distinction between 4511.19(G)(1)(d)(i) and (ii) is legally negligible for purposes of the instant ruling. See State v.Zampini, 11th Dist. No. 2007-L-109, 2008-Ohio-531, at ¶ 14 (applyingStillwell to underlying R.C. 4511.19(A)(1)(a) conviction.) To wit, the former addresses the imposition of sentences for convictions under, inter alia, 4511.19(A)(1)(a) while the latter addresses the imposition of sentences for convictions under, inter alia, 4511.19(A)(2). Both subsections authorize a court to impose a mandatory prison term of between one and five years as required by R.C. 2929.13(G)(2) where the offender is convicted of a specification under R.C. 2941.1413.Zampini, supra. As a result, pursuant to this court's reasoning inStillwell, appellant's right to be free from double jeopardy was not violated by the court's sentence.
 {¶ 18} Appellant's sole assignment of error lacks merit.
 {¶ 19} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is hereby affirmed.
DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur.
[1] In State v. Stillwell, 116 Ohio St.3d 1412, 2007-Ohio-6140, the Supreme Court of Ohio declined to accept jurisdiction over the issues raised herein. *Page 1