[Cite as *State v. Barnes*, 2017-Ohio-2599.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-101** |
| JOANNA A. BARNES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2015 CR 001015.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Anna C. Kelley*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Mandy J. Gwirtz*, Mandy Gwirtz, LLC, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Joanna A. Barnes, entered a plea of guilty, by way of information, to one count of Felonious Assault, a second-degree felony, in violation of R.C. 2903.11(A)(1). Appellant now appeals from the judgment of sentence entered by the Lake County Court of Common Pleas. At issue on appeal is whether the trial court erred when it imposed a seven-year prison sentence. For the reasons that follow, we affirm the judgment of the trial court.

**{¶2}** At appellant's plea hearing on May 23, 2016, the prosecution stated the evidence would have shown, had the matter proceeded to trial, that on or about November 26, 2015, appellant did knowingly cause serious physical harm to her mother, Karen Nestasie. Specifically, on early Thanksgiving morning, appellant and her sister, Jennifer Barnes, woke up their mother in the middle of the night in the home that the three of them shared in Willowick, Lake County, Ohio. Once their mother was awake, the sisters dropped a cord around their mother's neck and began choking her with it. The cord was actually three USB cords the sisters had previously braided together. The struggle ensued in the living room of their home. During that struggle, appellant grabbed a towel, which she used to try and choke her mother with, in addition to the cord. Jennifer grabbed a pillow, which both sisters pressed firmly down on their mother's face. Their mother was eventually able to get Jennifer's head between her legs in a hold; in response, appellant kicked her mother in the head in an attempt to release Jennifer from that hold.

**{¶3}** Their mother was eventually able to escape the sisters; she ran from the living room into her bedroom, locked the door, and climbed out of her bedroom window. She eventually made contact with another daughter and sought help. Police responded to the home, where they found both sisters. Their mother was later treated for severe lacerations around her neck and severe bruising, among other injuries.

**{¶4}** Appellant orally admitted she was guilty of the crime of felonious assault as was described in the information, and she signed a written plea of guilty. The trial court found the plea was knowingly, intelligently, and voluntarily made; the court accepted her plea and found appellant guilty of Felonious Assault.

{¶5} The matter was referred to the Lake County Adult Probation Department for preparation of a presentence investigation report ("PSI") and psychological assessment and to obtain the necessary victim impact statement.

{¶6} At appellant's sentencing hearing on August 17, 2016, the trial court heard from appellant and the victim, appellant's mother. The court reviewed the PSI, the victim impact statement, and the psychological evaluation. The PSI revealed appellant had no criminal history and no chemical dependency issues. The psychological evaluation indicated appellant had previously been diagnosed with Post-Traumatic Stress Disorder, likely as a result of her reporting a lengthy history of physical and sexual abuse and exposure to traumatizing experiences. The psychological evaluation noted some potential abuse problems with the environment in which appellant was raised, but it ultimately concluded many of the more extreme accusations were unsubstantiated. Both reports included horrendous and detailed accusations of her father forcing all of his children to witness and commit crimes—all of which allegedly occurred during weekend visitations with the father in multiple states and Mexico. These accusations have not been corroborated by law enforcement or the presentence evaluators.

{¶7} Appellant's defense counsel requested the court impose a community control sanction so that appellant could receive mental health treatment. The state recommended a prison term of seven years.

{¶8} After a lengthy statement on the record regarding sentencing factors, discussed further below, the trial court sentenced appellant to a total of seven years in prison. The judgment of sentence was entered on August 25, 2016.

3

{¶9} Appellant timely appealed her sentence and raises one assignment of error for our review:

{¶10} "The trial court erred by sentencing the defendant-appellant to a seven-year prison term."

{¶11} Appellant contends her sentence is contrary to law because the trial court's factual findings under R.C. 2929.12 are not supported by the record. Specifically, she argues the trial court did not consider any mitigating factors found in the statute.

{¶12} We review all felony sentencing appeals with the standard set forth in R.C. 2953.08(G). *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

Therefore, we must determine whether appellant's sentence is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶10.

4

**{¶13}** A court imposing a felony sentence is required to consider the seriousness and recidivism factors found in R.C. 2929.12 to ensure the sentence complies with the overriding principles of felony sentencing as stated in R.C. 2929.11. *See* R.C. 2929.12(A). The trial court, however, "is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000); *see also State v. McGinnis*, 11th Dist. Lake No. 2015-L-096, 2016-Ohio-1362, ¶8. Further, the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

**{¶14}** R.C. 2929.12(B) sets forth factors the trial court must consider as indicating the offender's conduct is *more* serious than conduct normally constituting the offense. R.C. 2929.12(C) sets forth the following factors the trial court must consider as indicating the offender's conduct is *less* serious than conduct normally constituting the offense:

> (1) The victim induced or facilitated the offense.
>
> (2) In committing the offense, the offender acted under strong provocation.
>
> (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
>
> (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

Finally, R.C. 2929.12(D) & (E) set forth factors the trial court must consider to determine the likelihood of recidivism. The factors that indicate the offender is *not* likely to commit future crimes include that the offender shows genuine remorse for the offense. R.C. 2929.12(E).

{¶15} Appellant contends the trial court ignored and discounted mitigating factors under R.C. 2929.12(C)(4), as they pertain to her mental health issues and her extensive history as a victim of alleged physical and sexual abuse, and under R.C. 2929.12(E)(5), whether she portrayed genuine remorse.

{¶16} Contrary to appellant's position, the record demonstrates the trial court fully considered the seriousness and recidivism factors in R.C. 2929.12. It found the following factors rendered the offenses more serious: (1) the victim suffered severe physical and psychological harm; (2) there was serious economic harm in the amount of $2310.11, the victim's medical bills, which were paid for through the Ohio Victims Assistance Program; (3) appellant's relationship to the victim, her mother, facilitated the offense; and (4) the offense was part of an organized criminal activity, as it was committed with a co-defendant, appellant's sister.

{¶17} The trial court did not find any factors that made recidivism more likely. As far as recidivism being less likely, the trial court acknowledged appellant does not have a history of juvenile delinquency adjudications or prior criminal convictions. The trial court also took into account appellant's voluntary plea of guilty and admission of responsibility for the crime. The trial court stated the following regarding genuine remorse: "Through the reports, there doesn't appear to be a genuine showing of

6

remorse. I heard the defendant's statement today. I guess it was an apology. I don't know if it was genuine remorse, but I'll take it for what it was here in open court today."

{¶18} Finally, the trial court did not find a direct connection between appellant's mental illness diagnoses, her alleged history of abuse, and the instant offenses. In that regard, the trial court stated the following:

> In addition, other factors considered by me in crafting what I hope to be the appropriate sentence in this case were the mental health issues that are reported in all of the reports that are before me. The diagnoses are generally consistent with each other, post traumatic stress disorder, major depressive disorder, borderline personality disorder. The defendant has been hospitalized, I believe, on three prior occasions for mental health issues. I know there was a suicide attempt at one point in her life. I've also considered the fact that for a period of time she was undergoing treatment for the mental health issues and was prescribed medication, and there comes a point not too long before the commission of this crime when she voluntarily terminated the services and the care that was being given to her.
>
> I've also considered the fact—and this is outlined in much detail throughout all of the reports, as well—that the defendant certainly did have a challenging and chaotic childhood, a very poor childhood, characterized as being victimized by many others in her lifetime, and I certainly understand that. I've considered that, but I don't see it as any justification or excuse for committing the crime that was committed in this particular case.
>
> Trying to kill anyone is horrible, despicable and appalling; but, certainly, trying to kill one's own mother is even worse than that, if you can imagine it, and I have a hard time understanding, even after reading all the expert reports, how someone could do what you did to your own mother in this particular case.

{¶19} In its judgment entry of sentence, the trial court stated it had considered the record, oral statements, victim impact statement, pre-sentence report, and drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, "as well as the principles and purposes of sentencing under

7

R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 29292.12." "This suggests the trial court did, in fact, consider the requisite statutory factors." *State v. Goodnight*, 11th Dist. Lake No. 2008-L-029, 2009-Ohio-2951, ¶17, citing *State v. Kearns*, 11th Dist. Lake No. 2007-L-047, 2007-Ohio-7117, ¶10.

**{¶20}** The maximum sentence the trial court could have imposed under R.C. 2929.14(A)(2) was eight years. It did not impose the maximum term. All of this supports our holding that the trial court's findings under R.C. 2929.12 are supported by the record and the sentence is not contrary to law.

**{¶21}** Appellant's sole assignment of error is without merit.

**{¶22}** The judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.