OPINION
{¶ 1} Appellant, James Curtis Neely II, appeals his conviction for driving under the influence of alcohol. At issue is whether the state used an uncounseled conviction to enhance the degree of offense with which appellant was charged in violation of his constitutional rights. For the reasons that follow, we affirm.
 {¶ 2} On Saturday, November 4, 2006, at 1:36 a.m., Deputy Pecka of the Lake County Sheriffs Office observed appellant driving all over the road while travelling *Page 2 
eastbound on I-90 in Concord Township, Ohio. Appellant drove his vehicle left of the white dotted line into the passing lane, then jerked back into his lane of travel, then drove to the right over the solid white line, halfway onto the berm and then jerked back into his lane of travel.
 {¶ 3} Deputy Pecka saw appellant driving in this erratic fashion for one and one-half miles. He then stopped appellant for these traffic violations. When the deputy approached appellant, he smelled a strong odor of alcohol coming from appellant's person. He asked appellant if he had consumed any alcohol prior to operating his vehicle and, with slurred speech, appellant said he had. Appellant's eyes were glassy and bloodshot. Deputy Pecka asked appellant to exit his vehicle, and after he did, the deputy asked him to perform field sobriety tests. During appellant's performance of these tests, he repeatedly lost his balance and ultimately failed each test.
 {¶ 4} Deputy Pecka handcuffed appellant and had him sit in the rear of his patrol car. Shortly thereafter, appellant fell asleep in the cruiser. During an inventory search of appellant's vehicle, the deputy found an empty beer bottle.
 {¶ 5} At the jail appellant submitted to a breathalyzer test and the test results were .328 grams of alcohol per 210 liters of breath. After he was advised of his Miranda rights, appellant admitted he had consumed eight to ten bottles of beer prior to being stopped. He also admitted that he steadily drank beer and had some shots of whiskey at various bars that evening in Madison, Concord, and Eastlake.
 {¶ 6} Appellant was indicted for one count of operating a vehicle while under the influence of alcohol ("OVI"), having previously been convicted of five or more OVI offenses within the last twenty years of committing this offense, a felony of the fourth degree, in violation of R.C. 4511.19 (A)(1)(a). The indictment specified that appellant *Page 3 
had previously been convicted of OVI in the Ashtabula County Court — Western District on January 9, 1987; in the Painesville Municipal Court on September 12, 1995 and on May 20, 1996; in the Chardon Municipal Court on August 1, 2000; and again in the Painesville Municipal court on July 23, 2002.
 {¶ 7} Appellant filed a motion to dismiss, arguing that his prior convictions for OVI were uncounseled and therefore could not be used to enhance the current charge to a fourth-degree felony. Appellant filed no affidavit, transcript, or other evidentiary materials in support. The state filed a response attaching a copy of appellant's written waivers of counsel in each case. Appellant also filed a second motion to dismiss arguing the indictment violated the double jeopardy clause of the United States and Ohio Constitutions.
 {¶ 8} The trial court overruled the motions. On January 31, 2007, appellant pleaded no contest to the indictment and was found guilty. He was sentenced to four years in prison with two years suspended.
 {¶ 9} Appellant appeals his conviction, asserting two assignments of error. For his first assignment of error, appellant states:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT-APPELLANT'S MOTION TO DISMISS THE INDICTMENT WHERE THE SERIOUSNESS OF THE CRIME WAS INCREASED DUE TO PREVIOUS UNCOUNSELED CONVICTIONS, IN VIOLATION OF THE DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS AND RIGHTS TO COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION." *Page 4 
 {¶ 11} Under his first assignment of error, appellant argues the indictment should have been dismissed because one of his five prior OVI convictions, used to enhance his current OVI charge to a fourth-degree felony, was uncounseled.
 {¶ 12} In general, a past conviction cannot be collaterally attacked in a later case. However, there is a limited right to collaterally attack a conviction when the state attempts to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm. State v.Brandon (1989), 45 Ohio St.3d 85, 86; Nichols v. United States (1994),511 U.S. 738.
 {¶ 13} An uncounseled misdemeanor conviction cannot be used to enhance a sentence in a later conviction. Brandon at 87. An uncounseled conviction is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel. State v. Carrion
(1992), 84 Ohio App.3d 27, 31.
 {¶ 14} When a past conviction is challenged, "a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity."Brandon at syllabus. The Court in Brandon noted that it is not difficult for a defendant to establish a prima-facie case. It may be accomplished by the defendant's testimony indicating he was uncounseled during the prior conviction that resulted in incarceration. Id. at 87-88.
 {¶ 15} Once a prima-facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove there was no constitutional infirmity. Id. at 88. *Page 5 
 {¶ 16} The Supreme Court of Ohio in the recent case of State v.Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, which arose out of this District, held: "For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." Id. at paragraph one of the syllabus.
 {¶ 17} An uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement. Nichols at 749.
 {¶ 18} Here, appellant provided no affidavit, testimony, or other evidence in support of his motion to dismiss to prove that he was uncounseled at the time of his waiver of counsel. He therefore did not make a prima-facie showing that his past conviction was unconstitutional, and the burden never shifted to the state to prove his waiver was voluntary. However, even if appellant had made such a prima-facie showing, evidence in the record established that the only waiver appellant now challenges was knowingly, intelligently, and voluntarily made.
 {¶ 19} While appellant challenged all five of his past convictions in the trial court, on appeal he has abandoned his objection with respect to all but his 1987 conviction. In order to determine whether this prior conviction was available to enhance appellant's punishment, that prior conviction must be examined.
 {¶ 20} In determining whether counsel was "properly waived" in a prior case, there is a distinction made between "serious offenses" and "petty offenses." Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the *Page 6 
penalty prescribed by law includes confinement for more than six months," while Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than a serious offense."
 {¶ 21} The requirements for guilty and no contest pleas in misdemeanor cases are set forth in Crim.R. 11. That rule provides:
 {¶ 22} "(D) * * * In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant and personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right." (Emphasis sic.)
 {¶ 23} Further, with respect to misdemeanor cases involving petty offenses, Crim.R. 11(E) provides: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 24} The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.
 {¶ 25} Crim.R. 44, concerning the right to counsel, provides:
 {¶ 26} "(B) * * * Where a defendant charged with a petty offenses is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel. *Page 7 
 {¶ 27} "(C) * * * Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 28} Crim.R. 22 provides that "[i]n petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded * * * ."
 {¶ 29} The Supreme Court in Brooke further held: "Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." Id. at paragraph two of the syllabus.
 {¶ 30} In State v. Wellman (1974), 37 Ohio St.2d 162, the Supreme Court held: "Presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show * * * that an accused was offered counsel but intelligently and understandingly rejected the offer. * * *" Id. at paragraph two of the syllabus.
 {¶ 31} Appellant argues that his 1987 conviction was for a "serious felony" so that in addition to being on the record and in open court, any waiver of counsel in that case must also have been in writing. Appellant argues that he had two OVI convictions prior to his 1987 conviction, which would have made his 1987 charge a felony. However, there is no evidence in the record to establish this fact. Appellant argues his presentence report indicates that he had two OVI convictions prior to his 1987 case, but the comments in a presentence report cannot be used as evidence to show the 1987 offense was in fact a felony.
 {¶ 32} We note that even if appellant did have two prior OVI convictions, that does not necessarily mean he was charged with a felony in 1987. Without evidence *Page 8 
that appellant was charged with an offense which exposed him to a sentence of more than six months, there is no basis to conclude his 1987 OVI conviction was for a felony. Further, if the 1987 conviction was for a felony, as appellant argues, it could not have been disposed of in the Ashtabula County Court as it was since that court only has jurisdiction over misdemeanors.
 {¶ 33} While appellant failed to make a prima-facie showing that his 1987 conviction was unconstitutional, the state presented certified copies of court documents pertaining to that appeal. Each of these documents was prepared, signed, and filed with the court on January 9, 1987, the date of appellant's conviction. The document designated as the "Arraignment" is signed by the judge and indicates that appellant appeared without counsel; that the complaint was read to him; that a copy of it was given to him; that the nature of the charges and potential penalties were explained to him; and that he entered a no contest plea.
 {¶ 34} The "Judgment Entry on Sentence" in the 1987 case does not indicate the offense to which appellant pleaded guilty was a felony. It indicates appellant was sentenced to 180 days in jail with 150 days suspended. This does not support appellant's argument that this was a serious offense.
 {¶ 35} The "Waiver of Counsel," signed by appellant on January 9, 1987 and filed in the 1987 case, recited that the court had advised him of his right to have an attorney represent him and his right to have one appointed to represent him at no cost at all stages of the case and even before entering a plea. The waiver recited that appellant understood this right, but wished to and thereby did waive said right as well as his right to trial, and asked the court to accept his no contest plea to OVI. *Page 9 
 {¶ 36} In Brooke the Supreme Court considered the written waiver signed by the defendant in one of her prior cases from 1998. In that case there was no transcript available. However, in the written waiver produced by the state, the waiver indicated that Brooke had been advised of the nature of the charges and of her right to an attorney. It indicated Brooke understood these things, but wished to waive her right to counsel. The Court held:
 {¶ 37} "* * * [W]e can presume from this written and filed entry, which is part of the record of her case, that the court accurately explained to Brooke that she was waiving her right to counsel * * *. The court speaks through its journal entries. * * * Here the entry has recorded what occurred during the plea hearing of this misdemeanor. There is evidence that the court made a finding that the right to counsel was knowingly and voluntarily waived. We therefore determine that this uncounseled plea may be counted toward enhancing a later penalty." Id. at ¶ 47.
 {¶ 38} Here, the written waiver signed by appellant in connection with his plea and sentence on January 1, 1987, stated that appellant was advised by the court of his right to counsel, retained or appointed; that he understood this right; and that he wished to waive his right to counsel and his right to trial, including jury trial. The waiver also indicated appellant asked the court to accept his no contest plea to OVI. The waiver was filed with the court and is part of the record of appellant's 1987 case.
 {¶ 39} The Supreme Court in Brooke also considered a waiver of counsel the defendant had signed in a second prior OVI case from 2001. That waiver stated, "I, the defendant in the above-captioned case, hereby voluntarily waive my right to have an attorney, private or court-appointed, present at the time of my plea to criminal charges and my sentencing * * *." Id. at ¶ 38 and ¶ 52. The Court held that because there was no *Page 10 
indication by Brooke either in her colloquy with the judge or in this written waiver that she understood her right to counsel and chose to waive it, this prior conviction could not be used to enhance the degree of the defendant's current crime. Id. at ¶ 53.
 {¶ 40} The written waiver signed by appellant in the case sub judice is substantially similar to the one found to be sufficient by the Supreme Court in Brooke. In these circumstances, we hold the Arraignment, Judgment Entry on Sentence and written Waiver entries evidence that appellant's waiver of the right to counsel was made in open court on the record and in writing and further was knowingly, intelligently, and voluntarily made. Appellant's 1987 conviction could therefore be used to enhance the degree of his present offense.
 {¶ 41} Appellant's argument that his 1987 waiver was insufficient because the case caption was not included on the waiver is not persuasive. The correct case number is noted on the waiver as well as appellant's signature. Nor is the lack of a checkmark on the Arraignment entry indicating appellant signed a written waiver of counsel persuasive. It is undisputed that appellant executed the written waiver in the 1987 case, and that same is included as part of the court's record in that case.
 {¶ 42} Appellant's first assignment of error is without merit.
 {¶ 43} For his second assignment of error, appellant asserts as follows:
 {¶ 44} "THE CONVICTION OF THE DEFENDANT-APPELLANT UNDER R.C. 4511.19
WITH A SPECIFICATION PURSUANT TO R.C. 2941.1413 VIOLATED THE DEFENDANT-APPELLANT'S PROTECTION AGAINST DOUBLE JEOPARDY AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION." *Page 11 
 {¶ 45} Under this assignment of error, appellant argues that by being charged with an offense under R.C. 4511.19, which allows for an enhanced penalty based on prior convictions, and the specification under R.C.2941.1413, which also permits enhancement of punishment based on the same prior convictions, his rights under the double jeopardy clause of the Ohio and Federal Constitutions were violated.
 {¶ 46} In describing the various prohibitions of the double jeopardy clause, the Supreme Court has stated: "[T]he Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense."State v. Gustafson (1996), 76 Ohio St.3d 425, 432; see also, NorthCarolina v. Pearce (1969), 395 v.s. 711, 717. Appellant argues that he was subjected to multiple punishments for the same offense. We do not agree.
 {¶ 47} This court previously held this argument to be without merit inState v. Stillwell, 11th Dist. No. 2006-L-010, 2007-Ohio-3190.
 {¶ 48} Initially, we note that appellant failed to object at his sentence on the ground of double jeopardy. However, we are permitted to notice plain error in the trial court and asserted for the first time on appeal "under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, at paragraph three of the syllabus.
 {¶ 49} Pursuant to R.C. 4511.19, a person who operates a motor vehicle while under the influence of alcohol and who has previously been convicted of five or more OVI violations within 20 years of the current offense is guilty of a felony of the fourth degree. *Page 12 
 {¶ 50} Under R.C. 2941.1413, if the indictment specifies the offender has previously been convicted of five or more OVI offenses within 20 years of the offense, he is subject to an additional mandatory prison term of one to five years.
 {¶ 51} The prohibition against double jeopardy guards against successive prosecutions and cumulative punishments for the same offense.State v. Rance, 85 Ohio St.3d 632, 634, 1999-Ohio-291. However, where the intent of the General Assembly is manifest, it may prescribe the imposition of cumulative punishments for crimes which constitute the same offense without violating constitutional protections against double jeopardy. Id. at 635. "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter (1983), 459 U.S. 359, 366.
 {¶ 52} As this court held in Stillwell, supra:
 {¶ 53} "Under R.C. 4511.19(G)(1)(d)(ii), an offender convicted under R.C. 4511.19(A)(2), who is also convicted of * * * the specification under R.C. 2941.1413, shall be subject to a mandatory prison term of 1 to 5 years. A careful reading of the specification set forth under R.C.2941.1413 reveals that the mandatory 1 to 5 years of incarceration must be imposed in addition to the sentence for the underlying conviction. The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C.2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of * * * five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. * * * Therefore, R.C.4511.19(G)(1)(d)(ii) and R.C. 2941.1413 `clearly reflect the legislature's intent to create a penalty for a person who has been convicted of * * * five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed *Page 13 
for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation.'" Id. at ¶ 26, quoting State v. Midcap, 9th Dist. No. 22908,2006-Ohio-2854, at ¶ 12. (Emphasis sic.)
 {¶ 54} Since appellant was only sentenced to four years in prison with two years suspended, he did not receive a punishment greater than the legislature prescribed. Based upon this court's holding inStillwell, appellant's second assignment of error is without merit.
 {¶ 55} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur. *Page 1