OPINION
{¶ 1} Appellant, Dennis R. Vacchelli ("Mr. Vacchelli"), appeals from the October 12, 2007 judgment entry of the Ashtabula County Court of Common Pleas convicting him of the offense of domestic violence. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} Mr. Vacchelli was indicted on September 29, 2006 on one count of domestic violence, in violation of R.C. 2919.25(A), with a specification for having a prior *Page 2 
domestic violence conviction, which enhanced the underlying offense to a felony of the fourth degree. Mr. Vacchelli pled not guilty to the charge.
 {¶ 4} On May 11, 2007, Mr. Vacchelli filed a motion in limine, or alternatively, a motion to amend, asking the court to prohibit the state from using his March, 2001 conviction to enhance the current charge to a fourth degree felony. In his motion, Mr. Vacchelli argued that his prior conviction was uncounseled and therefore was invalid and could not be used to enhance the degree of the current offense. In support of his motion, Mr. Vacchelli provided the court with a transcript of the 2001 proceedings and a written waiver of rights form which he had signed. Mr. Vacchelli argued that the prior conviction was uncounseled because the trial court failed to engage in a colloquy with him regarding his waiver of his right to counsel; the record contained inaudible responses regarding whether he understood the rights he was waiving; and there was no discussion as to whether he understood the written waiver form he signed. Mr. Vacchelli asked the court to amend the indictment to a first degree misdemeanor.
 {¶ 5} The trial court overruled Mr. Vacchelli's motion in limine/amend. The court found that the transcript from the 2001 hearing established that Mr. Vacchelli understood his rights and that the trial judge was aware of the effect of taking an uncounseled plea and, consequently, asked Mr. Vacchelli a second time whether he understood his rights. In addition, the court took into account the fact that Mr. Vacchelli had signed a written acknowledgment of rights and waiver of counsel form.
 {¶ 6} On July 6, 2007, Mr. Vacchelli withdrew his former plea of not guilty and entered a plea of no contest. The trial court conducted a sentencing hearing on October 12, 2007. Following the hearing, the trial court sentenced Mr. Vacchelli to two *Page 3 
years of community control. Mr. Vacchelli filed the instant appeal, raising one assignment of error:
 {¶ 7} "The trial court erred in overruling Appellant's Motion in Limine/Motion to Amend."
 {¶ 8} Use of Prior Conviction to Enhance Penalty
 {¶ 9} At issue in this appeal is whether Mr. Vacchelli's 2001 domestic violence conviction was an uncounseled conviction, which could not be used to enhance the degree of his current conviction to a fourth degree felony.
 {¶ 10} If the instant domestic violence charge is considered a first offense, then it is deemed a misdemeanor of the first degree under R.C.2919.25(D)(2). However, pursuant to R.C. 2919.25(D)(3), the offense becomes a fourth degree felony if it is considered a second offense. The crux of Mr. Vacchelli's position is that the state should not be allowed to use his prior domestic violence conviction to enhance the penalty for the current offense because the prior conviction is constitutionally infirm. He bases his argument on the Supreme Court decision of State v.Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, which prohibits the use of uncounseled convictions to enhance a penalty in a subsequent conviction.
 {¶ 11} Uncounseled Convictions
 {¶ 12} In Brooke, the Supreme Court of Ohio set forth the following rule of law regarding uncounseled convictions: "Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to *Page 4 
counsel, has been recognized as constitutionally infirm. State v.Brandon (1989), 45 Ohio St.3d 85, 86; Nichols v. United States (1994),511 U.S. 738." Id. at ¶ 9.
 {¶ 13} Thus, "[a]n uncounseled misdemeanor conviction cannot be used to enhance a sentence in a later conviction. State v. Brandon (1989),45 Ohio St.3d 85, 87. An uncounseled conviction is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel." State v. Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243, ¶ 13, citing State v. Carrion (1992), 84 Ohio App.3d 27, 31.
 {¶ 14} When a defendant contests the use of a prior conviction on the ground that he or she has entered an uncounseled plea in the prior case, the burden is on the defendant to introduce evidence to make a prima-facie showing of constitutional infirmity. Id. at ¶ 14. Thus, "[w]here questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." Brooke at ¶ 11. Once the prima-facie case is made, then the burden shifts to the state to prove that the right to counsel was properly waived. Id. To do so, the state must show there was a knowing, voluntary, and intelligent waiver of the right to counsel under the Sixth Amendment. Id. at ¶ 25.
 {¶ 15} Waiver of Counsel For Misdemeanor Offenses
 {¶ 16} In determining whether the right to counsel was properly waived in a prior case, a distinction is made between "serious offenses" and "petty offenses." Neely at ¶ 20. Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for *Page 5 
which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense."
 {¶ 17} In this case, Mr. Vacchelli's first domestic violence charge was a misdemeanor of the first degree. R.C. 2919.25(D)(2). A misdemeanor of the first degree is punishable by a maximum term of imprisonment of six months. R.C. 2929.24(A)(1). Therefore, it is considered a petty offense.
 {¶ 18} Crim.R. 11(E) sets forth the requirements for accepting a plea in cases involving petty offenses. It provides:
 {¶ 19} "(E) In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
 {¶ 20} "The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule."
 {¶ 21} Crim.R. 44(B) and (C) provide as follows:
 {¶ 22} "(B) Counsel in petty offenses
 {¶ 23} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 24} "(C) Waiver of counsel
 {¶ 25} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing." *Page 6 
 {¶ 26} Crim.R. 22 states that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded." Thus, according to these rules, "[w]aiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." Brooke at paragraph two of the syllabus.
 {¶ 27} Prior Conviction and Whether Right to Counsel was ProperlyWaived
 {¶ 28} Mr. Vacchelli argues that he met his initial burden of establishing that his plea in 2001 was uncounseled and maintains that the state cannot satisfy its burden to establish that his plea was knowingly and voluntarily made. He points to the fact that some of his responses to the court's questions were inaudible to the court reporter who transcribed the audio recording and there was no meaningful colloquy between himself and the court. Mr. Vacchelli also contends that the written waiver form is deficient because the transcript does not indicate whether he was asked if he read the form before signing it.
 {¶ 29} At the 2001 plea hearing, the trial judge asked Mr. Vacchelli if he understood that by pleading guilty he would be giving up certain constitutional rights, including the right to an attorney, to which Mr. Vacchelli applied affirmatively. The trial court also asked Mr. Vacchelli if he understood that by pleading guilty to the domestic violence charge, he could be imprisoned for up to six months and/or fined up to one thousand dollars. Again, Mr. Vacchelli said he understood the consequences of pleading guilty. The trial court then engaged in the following colloquy with Mr. Vacchelli:
 {¶ 30} "COURT: It's important for you to recognize that domestic violence is, what we call, an enhancible offense. That means, simply, once you've been convicted *Page 7 
of a charge, such as this, if you were to have any second conduct occur, the penalty for that second offense can be increased just because of the prior conviction. So, do you understand that principle of increasing penalties?
 {¶ 31} "DEFENDANT: (Inaudible)."
 {¶ 32} The trial court then asked Mr. Vacchelli if anyone had forced him to plead guilty or promised him anything in exchange for his plea, to which Mr. Vacchelli responded negatively. Mr. Vacchelli also denied being under the influence of any intoxicant, drug, or medication that would affect his decision in pleading guilty.
 {¶ 33} The court then engaged in further conversation with Mr. Vacchelli regarding his right to counsel:
 {¶ 34} "COURT: Lastly, do you feel you had enough time to consider your legal options, including, specifically, the right to hire counsel, or have counsel appointed if you can't afford counsel?
 {¶ 35} "DEFENDANT: Yes.
 {¶ 36} "COURT: Part of my job, Mr. Vacchelli, in a case where I take a plea on an enhancible offense without an attorney being present, is to make sure that the record clearly shows that we just reviewed these matters that we just went over. I'm going to fill out a form * * * it's essentially a restatement in written version of all the rights I just went over with you.
 {¶ 37} "If you sign this form, you're doing two things: you'reacknowledging you understand you have those rights. You're alsoacknowledging you understand you'll be waiving those rights.
 {¶ 38} "If you have any questions or have any difficulties concerning the form, just let me know. *Page 8 
 {¶ 39} "Let the record indicate, that I have in my hand the Acknowledgement of Rights, Waiver of Counsel form of one Dennis Robert Vacchelli. That I did, personally, witness Mr. Vacchelli execute this document this 23rd day of March, 2001, in open court. I've dated the document and I'm affixing my name as Judge of the Court and person who attested to his signature.
 {¶ 40} "Mr. Vacchelli, based on your representation, your responses to my questions, the tendering of this document, I'll find that your plea is knowing and voluntary, therefore, it's accepted.
 {¶ 41} "Is there anything you would [sic] to say, sir, concerning this matter?
 {¶ 42} "DEFENDANT: No (inaudible)." (Emphasis added.)
 {¶ 43} In reviewing the transcript from the 2001 domestic violence plea hearing, we are mindful that "[presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (Carnley v. Cochran, 369 U.S. 506, followed.)"Brooke at ¶ 25; Neely at ¶ 30. However, as the court found inBrooke, proof of a written plea may be sufficient to show an intelligent waiver even where the prior plea was not transcribed. Brooke at ¶ 47.
 {¶ 44} In this case, even though the transcript contained certain inaudible responses by Mr. Vacchelli, the record also contained a written waiver form, which the trial judge and Mr. Vacchelli signed. By signing his name, Mr. Vacchelli acknowledged that he understood the nature and charges against him and that the penalty includes a jail sentence; that he had the right to an attorney and the right to a postponement to *Page 9 
secure the services of an attorney; that if he is without funds to secure an attorney, the court will appoint an attorney without charge; that, in the event he pleads not guilty, he is entitled to a trial, which may be a jury trial. The form Mr. Vacchelli signed also contains the following language:
 {¶ 45} "Notwithstanding my rights as set forth above, I intend to proceed without an attorney and do voluntarily, with full understanding, and without any promise or threats, give up these rights and enter a plea of GUILTY * * * realizing that by so doing, the Court may proceed immediately to impose sentence.
 {¶ 46} "If I plead `GUILTY,' I understand that it is a complete admission of my guilt. * * *."
 {¶ 47} We find that the written waiver is similar to the one that was upheld in Brooke. In Brooke, the court held:
 {¶ 48} "* * * [W]e can presume from this written and filed entry, which is part of the record of her case, that the court accurately explained to Brooke that she was waiving her right to counsel * * *. The court speaks through its journal entries. * * * Here the entry has recorded what occurred during the plea hearing of this misdemeanor. There is evidence that the court made a finding that the right to counsel was knowingly and voluntarily waived. We therefore determine that this uncounseled plea may be counted toward enhancing a later penalty." Id.
 {¶ 49} In Neely, we also upheld an uncounseled plea that was based upon a similar written waiver of counsel form, stating:
 {¶ 50} "Here, the written waiver signed by appellant in connection with his plea and sentence on January 1, 1987, stated that appellant was advised by the court of his right to counsel, retained or appointed; that he understood this right; and that he wished *Page 10 
to waive his right to counsel and his right to trial, including jury trial. The waiver also indicated appellant asked the court to accept his no contest plea to OVI. The waiver was filed with the court and is part of the record of appellant's 1987 case." Neely at ¶ 38.
 {¶ 51} "The written waiver signed by appellant in the case sub judice is substantially similar to the one found to be sufficient by the Supreme Court in Brooke. In these circumstances, we hold the Arraignment, Judgment Entry on Sentence and written Waiver entries evidence that appellant's waiver of the right to counsel was made in open court on the record and in writing and further was knowingly, intelligently, and voluntarily made. Appellant's 1987 conviction could therefore be used to enhance the degree of his present offense." Id. at ¶ 40.
 {¶ 52} Likewise, in this case, we find that there was sufficient evidence in the record to demonstrate that the 2001 waiver occurred in open court, and although not mandated for a petty offense, that the waiver was put in writing and made part of the record. There is also evidence that the trial court explained to Mr. Vacchelli in open court that if he signed the waiver form, he was acknowledging that he understood the rights that were explained to him and that he was waiving those rights.
 {¶ 53} Mr. Vacchelli relies on State v. Thompson, 5th Dist. No. 2007-CA-0006, 2007-Ohio-6098, in an attempt to invalidate the written waiver form used in this case. However, the waiver form that was found deficient by the Fifth District in Thompson differs from the form used in the 2001 plea in this case. In Thompson, the form was invalidated because it did not indicate that the defendant understood that he had the right to counsel or that he was waiving that right. In addition, the waiver form was not signed by the trial court. In contrast, in this case, the waiver form being challenged *Page 11 
began with the following acknowledgment: "This is to acknowledgethat I have been advised and that I fully understand * * *." (Emphasis added.) It then contained, inter alia, a recitation of the fact that Mr. Vacchelli had the right to counsel but was waiving such right. Moreover, unlike Thompson, in this case, the trial judge signed his name on the waiver form beneath Mr. Vacchelli's signature.
 {¶ 54} Under these circumstances, we find that there was sufficient proof that Mr. Vacchelli knowingly, voluntarily, and intelligently waived the right to counsel in his 2001 proceeding. Therefore, we find that the trial court did not err in overruling Mr. Vacchelli's motion in limine/motion to amend and in using the prior domestic violence conviction to enhance the subsequent offense.
 {¶ 55} Mr. Vacchelli's assignment of error is overruled.
 {¶ 56} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur. *Page 1