OPINION
{¶ 1} Appellant, Larry A. Sartain, Sr. ("Sartain"), appeals the judgment entered by the Lake County Court of Common Pleas. Sartain received an aggregate prison term of four years for his felony conviction for operating a motor vehicle under the influence of alcohol ("OVI").
 {¶ 2} On November 8, 2006, Sartain was driving his vehicle in Wickliffe, Ohio. He was stopped by an officer of the Wickliffe Police Department for driving left of the center line. The police report indicates Sartain had a strong odor of an alcoholic *Page 2 
beverage on his breath and that he failed field sobriety tests. Also, the report indicates Sartain took a breathalyzer test, which revealed he had a breath-alcohol content of .254 grams per 210 liters of his breath.
 {¶ 3} In addition to the instant offense, Sartain had six prior OVI violations (or the equivalent) in the past 20 years. Specifically, Sartain had the following convictions: (1) August 25, 1987 in Painesville Municipal Court ("1987 conviction"); (2) September 27, 1988 in Collier County, Florida ("1988 conviction"); (3) January 25, 1991 in the Euclid Municipal Court ("1991 conviction"); (4) July 25, 1996 in the Willoughby Municipal Court ("1996 conviction"); (5) April 10, 1997 in the Willoughby Municipal Court ("1997 conviction"); and (6) February 8, 2006 in the Willoughby Municipal Court ("2006 conviction").
 {¶ 4} Sartain was indicted on one count of OVI in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree, due to having five or more OVI or equivalent offenses in the past 20 years, and one count of operating a motor vehicle with a prohibited concentration of alcohol in his bodily substances, in violation of R.C. 4511.19(A)(1)(h), a felony of the fourth degree, due to having five or more OVI or equivalent offenses in the past 20 years. Both counts contained specifications pursuant to R.C. 2941.1413, alleging that Sartain had five or more OVI or equivalent offenses in the past 20 years.
 {¶ 5} On June 4, 2007, Sartain appeared with his counsel, Attorney Thomas Frye, and entered a guilty plea to Count 1 of the indictment, a violation of R.C. 4511.19(A)(1)(a), with the accompanying specification. Upon the state's request, the trial court dismissed the remaining count of the indictment. *Page 3 
 {¶ 6} On July 19, 2007, a sentencing hearing was held. On July 26, 2007, the trial court issued its judgment entry of sentence. The trial court sentenced Sartain to a two-year prison term for his conviction for OVI and an additional two-year prison term for the specification to that count. The trial court ordered these sentences be served consecutively, for an aggregate prison term of four years.
 {¶ 7} After being sentenced, Sartain retained new counsel, Attorney Paul Wolf. On August 17, 2007, Sartain filed a motion to withdraw his guilty plea. The basis for this motion was Sartain's allegation that some of his prior convictions were uncounseled and, thus, could not be used to enhance his current offense. Sartain attached his affidavit to his motion, wherein he states that he was unrepresented by counsel for his 1987 and 1991 convictions and that he does "not recall" signing a waiver of counsel form in either of those cases. The state filed a response to Sartain's motion to withdraw his guilty plea. The state attached records from Sartain's prior convictions in support of its argument that Sartain was represented by counsel or validly waived counsel in at least five of his prior convictions. Sartain filed a reply brief to the state's response to his motion to withdraw his guilty plea. The trial court denied Sartain's motion to withdraw his guilty plea.
 {¶ 8} Sartain raises the following assignment of error:
 {¶ 9} "The Trial Court erred to the prejudice of Defendant-Appellant in overruling Defendant-Appellant's Ohio Rule of Criminal Procedure 32.1 motion to withdraw his previously entered plea of guilty."
 {¶ 10} Crim. R. 32.1 provides a means for a criminal defendant to withdraw a guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be *Page 4 
made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The burden is on the defendant to show the existence of the alleged manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 11} An appellate court is limited in its review of a trial court's decision regarding a motion to withdraw a guilty plea to determine whether the trial court abused its discretion. (Citations omitted.)State v. Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *6-7. The term "abuse of discretion" implies that the court's decision was arbitrary, unreasonable, or unconscionable. (Citations omitted.) State v. Adams (1980), 62 Ohio St.2d 151, 157-158.
 {¶ 12} Sartain argues that some of his prior convictions were uncounseled and, therefore, should not be used as elements of the instant offense.
 {¶ 13} The Supreme Court of Ohio has held: "[w]hen existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state."State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at ¶ 8, citingState v. Allen (1987), 29 Ohio St.3d 53, 54. Accordingly, since five prior OVI convictions are elements of the instant felony charge, the state bore the burden of proving the existence of those convictions beyond a reasonable doubt. Id., citing State v. Henderson (1979),58 Ohio St.2d 171, 173. *Page 5 
 {¶ 14} This court has recently addressed this issue. State v.Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243. In State v.Neely, we noted the law regarding a subsequent challenge of a prior conviction:
 {¶ 15} "In general, a past conviction cannot be collaterally attacked in a later case. However, there is a limited right to collaterally attack a conviction when the state attempts to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm. State v.Brandon (1989), 45 Ohio St.3d 85, 86; Nichols v. United States (1994),511 U.S. 738." State v. Neely, 2007-Ohio-6243, at ¶ 12.
 {¶ 16} When a defendant challenges the constitutional validity of a prior conviction, a burden-shifting exercise occurs. Id. at ¶ 15, citingState v. Brandon, 45 Ohio St.3d at 88. The Supreme Court of Ohio has explained this exercise as follows:
 {¶ 17} "For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." State v. Brooke,2007-Ohio-1533, paragraph one of the syllabus.
 {¶ 18} In his affidavit attached to his motion to withdraw, Sartain only claims his 1987 and 1991 convictions were uncounseled and that he did "not recall" signing a valid waiver in those matters. He does not challenge his other prior convictions and, therefore, has not established a prima facie showing that those convictions were *Page 6 
unconstitutional.[1] Therefore, we will only address the validity of Sartain's prior convictions in 1987 and 1991.
 {¶ 19} In its response to Sartain's motion, the state acknowledges that the entire record relating to Sartain's 1991 conviction has been destroyed by the court. Thus, there is no way for the state to demonstrate that Sartain validly waived his right to counsel in this matter.
 {¶ 20} We will now address whether the 1987 conviction contained a valid waiver of Sartain's right to counsel. The state submitted a copy of the waiver form in this matter.
 {¶ 21} "In determining whether counsel was `properly waived' in a prior case, there is a distinction made between `serious offenses' and `petty offenses.'" State v. Neely, 2007-Ohio-6243, at ¶ 20. After reviewing the requirements of Crim. R. 11 and 44, the Supreme Court of Ohio summarized the differing requirements for a valid waiver of the right to counsel in serious and petty offense cases as follows:
 {¶ 22} "Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." State v. Brooke, 2007-Ohio-1533, paragraph two of the syllabus.
 {¶ 23} In this matter, there is no evidence that Sartain was exposed to a sentence of more than six months as a result of his 1987 conviction. Therefore, we will *Page 7 
proceed under this analysis on the position that this offense was a "petty offense." State v. Neely, 2007-Ohio-6243, at ¶ 32.
 {¶ 24} The written waiver form sufficiently demonstrates that Sartain waived his right to counsel. The next inquiry is whether he was advised of his right to counsel and waived that right in open court.
 {¶ 25} The waiver form in the 1987 case states that Sartain had been advised of his rights. This court has held that a waiver form that states a defendant was advised by the court of his right to counsel may be sufficient to demonstrate that a defendant knowingly, voluntarily, and intelligently waived his right to counsel in open court. State v.Neely, 2007-Ohio-6243, at ¶ 35-40, citing State v. Brooke,2007-Ohio-1533, at ¶ 38-53. While the form in the instant matter does not expressly state that this advisement about the right to counsel occurred in open court, we do not believe this is necessarily fatal. This is because the form indicates that Sartain was advised of several matters, including: (1) the nature of the charges; (2) his right to counsel; (3) his right to appointed counsel if indigent; and (4) his rights to a jury trial, to subpoena witnesses, to confront and cross-examine the state's witnesses, to have the case proven beyond a reasonable doubt, and to refuse to testify.
 {¶ 26} Moreover, we acknowledge that, in his affidavit, Sartain only claims that he does "not recall" signing a valid waiver of his right to counsel. This has been refuted by the record in the 1987 case. He does not allege that he did not waive his right to counsel in open court in that case. Therefore, Sartain has not met his initial burden of presenting prima facie evidence that he did not waive his right to counsel in open court. *Page 8 
 {¶ 27} Finally, it is important to note that the defendants inState v. Brooke and State v. Neely challenged their prior convictions through motions to dismiss, which were filed before any pleas were entered.[2] In the instant matter, Sartain is challenging his prior convictions through a postsentence motion to withdraw his guilty plea. Therefore, Sartain has the additional burden of demonstrating a manifest injustice. State v. Smith, supra. Further, as an appellate court, we may only reverse the trial court's judgment in this matter if we determine the trial court abused its discretion. State v. Gibbs, 2000 Ohio App. LEXIS 2526, at *6-7.
 {¶ 28} In this matter, there is evidence demonstrating that Sartain validly waived his right to counsel in two of his prior OVI convictions (1987 and 1996). Also, the state presented evidence that Sartain was represented by counsel for three other OVI convictions (1988, 1997, and 2006). Therefore, there is sufficient evidence in the record to establish that Sartain had five other OVI convictions in the 20 years preceding the instant offense.
 {¶ 29} In light of the items in the record, Sartain's additional burden to demonstrate a manifest injustice, and our highly-deferential standard of review, we cannot conclude that the trial court abused its discretion by denying Sartain's postsentence motion to withdraw his guilty plea.
 {¶ 30} Sartain's assignment of error is without merit.
 {¶ 31} The judgment of the trial court is affirmed. *Page 9 
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] The state submitted evidence showing that Sartain was represented by counsel for his prior convictions in 1988, 1997, and 2006. Also, the state submitted evidence showing that Sartain signed a waiver of counsel form for his 1996 conviction. This combined judgment entry and waiver form is signed by Sartain and the trial court judge, and demonstrates that Sartain appeared in open court and knowingly waived his right to counsel. This document contains the verbatim language to that which the Supreme Court of Ohio found valid. See State v. Brooke, 2007-Ohio-1533, at ¶ 41-47.
[2] We are not convinced that the Supreme Court of Ohio would necessarily apply the same burden-shifting analysis in a situation such as this where the defendant filed a postsentence motion to withdraw his guilty plea. In that situation, we believe the court may have been inclined to place the burden on the defendant to demonstrate that his prior conviction was uncounseled and that he did not validly waive his right to counsel. However, for purposes of this analysis, we will accept the approach set forth in State v. Brooke. *Page 1