OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Gary A. Kacica, appeals the judgment entered by the Lake County Court of Common Pleas. Kacica was convicted of operating a motor vehicle under the influence of alcohol ("OVI"). In addition, he was convicted of an accompanying specification as a result of having five or more prior OVI convictions in the past 20 years. *Page 2 
 {¶ 2} On January 3, 2006, Kacica was driving his vehicle in Kirtland, Ohio. A Kirtland police officer stopped Kacica after observing his vehicle go left of the centerline. Kacica admitted to consuming alcohol and performed poorly on the field sobriety tests. Kacica submitted to a breath-alcohol test, which indicated his breath-alcohol content was .214 grams of alcohol per 210 liters of his breath.
 {¶ 3} As a result of this incident, Kacica was indicted on one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), and one count of operating a motor vehicle with a prohibited concentration of alcohol in his bodily substances, in violation of R.C. 4511.19(A)(1)(b). Both counts of the indictment were charged as fourth-degree felonies, alleging that Kacica had five prior OVI convictions in the previous 20 years. In addition, both counts contained a specification pursuant to R.C. 2941.1413, alleging that Kacica had five prior OVI convictions in the previous 20 years.
 {¶ 4} Kacica filed a motion to dismiss the specifications pursuant to R.C. 2941.1413. He argued that the specifications violate the Double Jeopardy Clause of the Ohio and United States Constitutions. The trial court denied Kacica's motion to dismiss. The trial court cited the Ninth Appellate District's decision in State v. Midcap, 9th Dist. No. 22908,2006-Ohio-2854, in support of its ruling that the specification in R.C. 2941.1413 does not violate the Double Jeopardy Clause.
 {¶ 5} After the trial court denied his motion to dismiss, Kacica entered a no contest plea to Count 1 of the indictment, operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and its accompanying specification pursuant to R.C. 2941.1413. The trial court found Kacica guilty of count one and the *Page 3 
specification. Upon recommendation of the state, the trial court dismissed the remaining count of the indictment.
 {¶ 6} The trial court sentenced Kacica to a three-year prison term, with one year of the term suspended. In addition, the trial court sentenced Kacica to three years of community control, to be completed after he serves his prison term. One of the sanctions of the community control is that Kacica serve 60 days in the Lake County Jail.
 {¶ 7} Kacica raises the following assignment of error:
 {¶ 8} "The conviction of the defendant-appellant under R.C. 4511.19
with a specification pursuant to R.C. 2941.1413 violated the defendant-appellant's protection against double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 9} Kacica argues his double jeopardy rights were violated.
 {¶ 10} "`(T)he Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.'" State v. Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243, at ¶ 46, quoting State v. Gustafson
(1996), 76 Ohio St.3d 425, 432. Kacica argues his convictions under R.C. 4511.19(A)(1)(a) and the specification under R.C. 2941.1413 violated the third prohibition. Specifically, he asserts that he is being subjected to multiple punishments for the same offense.
 {¶ 11} This court has previously rejected this argument. See State v.Stillwell, 11th Dist. No. 2006-L-010, 2007-Ohio-3190, at ¶ 10-27;State v. Neely, 2007-Ohio-6243, at ¶ 44-54; State v. Kearns, 11th Dist. No. 2007-L-047, 2007-Ohio-7117, at ¶ 12-21; *Page 4 State v. Zampini, 11th Dist. No. 2007-L-109, 2008-Ohio-531, at ¶ 8-14; and State v. Moyer, 11th Dist. No. 2007-L-108, 2008-Ohio-1497, at ¶ 9-14.
 {¶ 12} In State v. Zampini, this court referenced theStillwell decision, holding:
 {¶ 13} "Initially, we explained that `(t)he prohibition against double jeopardy guards citizens against both successive prosecutions and cumulative punishments for the "same offense." * * * However, where its intent is manifest, the General Assembly may prescribe the imposition of cumulative punishments for crimes which constitute the same offense without violating the constitutional protections against double jeopardy. * * * In this respect, "(t)he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. * * *."'" State v. Zampini,2008-Ohio-531, at ¶ 11, quoting State v. Stillwell, 2007-Ohio-3190, at ¶ 24. (Internal citations omitted.)
 {¶ 14} Further, in State v. Stillwell, this court held:
 {¶ 15} "Under R.C. 4511.19(G)(1)(d)(ii), an offender convicted under R.C. 4511.19(A)(2), who is also convicted of or pleads guilty to the specification under R.C. 2941.1413, shall be subject to a mandatory prison term of 1 to 5 years. A careful reading of the specification set forth under R.C. 2941.1413 reveals that the mandatory 1 to 5 years of incarceration must be imposed in addition to the sentence for the underlying conviction. The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. See State v. Midcap, 9th Dist. No. 22908,2006-Ohio-2854. Therefore, *Page 5 
R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 `clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation.' Id. at ¶ 12." State v. Stillwell, 2007-Ohio-3190, at ¶ 26. (Emphasis in original.)
 {¶ 16} In light of our prior opinions on this issue, we conclude that Kacica's double jeopardy rights were not violated in this matter.
 {¶ 17} Kacica's assignment of error is without merit.
 {¶ 18} The judgment of the trial court is affirmed.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur. *Page 1