OPINION
{¶ 1} Appellant, Ronald E. Hupp, appeals the judgment of the Lake County Court of Common Pleas convicting him of two counts of domestic violence and one count of criminal damaging or endangering. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Hupp was indicted on two counts of domestic violence in violation of R.C. 2919.25(A), felonies of the fourth degree, both with a specification subject to *Page 2 
R.C. 2919.25(D)(3), a prior domestic violence conviction. He was also indicted on one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1). Each count of domestic violence arose out of separate incidents, occurring on September 8, 2007 and November 12, 2007.
 {¶ 3} On September 8, 2007, Hupp picked up his live-in girlfriend, Nicole Kormanik Holland, from work at approximately 2:30 a.m. Thereafter, a fight ensued between Hupp and Nicole. A framed picture fell from the wall causing glass to shatter on the floor. Hupp used a piece of the shattered glass to cut Nicole's face. He also dragged Nicole over the shattered glass, cutting her knees. When Nicole told him she was going to call the police, he took a piece of glass and cut his own face, stating, "you are going to go to jail too."
 {¶ 4} Nicole called her mother to come to the house to get her daughter. Nicole's mother came to the house, took Nicole's daughter, and then called the police.
 {¶ 5} Officer Zella and Sergeant Byers of the Madison Township Police Department responded to the call. The officers spoke with Nicole. Sergeant Byers observed the shattered glass, the blood around the kitchen sink, the cut on Nicole's cheek, the broken telephone on the ground, and the scrapes on Nicole's knees. Officer Zella and Sergeant Byers testified that Nicole's injuries were consistent with her rendition of what occurred between herself and Hupp.
 {¶ 6} On November 12, 2007, another fight ensued between Hupp and Nicole. This time, Nicole locked herself in the bedroom, but Hupp kicked in the door. Hupp and Nicole continued to fight, and he pinned her down, biting her arms and neck. Nicole *Page 3 
testified the weight of his body on top of her made it difficult to breathe and, out of fear, she urinated herself.
 {¶ 7} Following the fight, Nicole left the home with her daughter and went to her mother's house. She called the police, and Sergeant Brown of the Madison Township Police Department responded to the call. Sergeant Brown spoke with Nicole, took photographs of her injuries, and went to their home to observe the damage to the bedroom door. Officer Brown testified that his observations were consistent with Nicole's rendition of what transpired between herself and Hupp.
 {¶ 8} Hupp pled not guilty to the charges, and the matter was tried to a jury. Before trial, Hupp filed a motion for severance of the offenses. After a hearing on said motion, the trial court denied it.
 {¶ 9} The jury found Hupp guilty on all counts, and he was sentenced to a term of nine months in prison on count one, 18 months in prison on count two, and 90 days in prison on count three. Counts one and two were to be served consecutively, and count three was to be served concurrently to counts one and two, for a total term of imprisonment of 27 months.
 {¶ 10} Hupp filed a timely notice of appeal and, as his first assignment of error, states:
 {¶ 11} "The trial court erred, to the prejudice of Appellant, in refusing to sever the trial of Count One (domestic violence) from the trial of Counts Two and Three (domestic violence, and criminal damaging or endangering) resulting in the Appellant being denied a fair trial. United States Constitution; Ohio Constitutional; Evid. R. 404(B)." *Page 4 
 {¶ 12} "[T]wo or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character * * *." Crim. R. 8(A).
 {¶ 13} However, Crim. R. 14 allows a separate trial to prevent prejudice to the defendant, providing, in part:
 {¶ 14} "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. In ruling on a motion by a defendant for severance, the court shall order the prosecuting attorney to deliver to the court for inspection pursuant to Rule 16(B)(1)(a) any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial."
 {¶ 15} "This court has previously held:
 {¶ 16} "`When a defendant claims that joinder is improper, he must affirmatively show that his rights have been prejudiced. [Crim. R. 14;State v. Roberts (1980), 62 Ohio St.2d 170, 175.] The accused must provide the trial court with sufficient information demonstrating that he would be deprived of the right to a fair trial if joinder is permitted. [State v. Lott (1990), 51 Ohio St.3d 160, 163.]
 {¶ 17} "The state may negate the defendant's claim of prejudice by demonstrating either of the following: (1) that the evidence to be introduced relative to one offense would be admissible in the trial on the other, severed offense, pursuant to *Page 5 
Evid. R. 404(B); or (2) that, regardless of the admissibility of such evidence, the evidence relating to each charge is simple and direct. [State v. Franklin (1992), 62 Ohio St.3d 118, 122.] The former is generally referred to as the "other acts test," while the latter is known as the "joinder test." [State v. Lott, 51 Ohio St.3d at 163.]'"State v. Appenzeller, 11th Dist. No. 2006-L-258, 2008-Ohio-7005, at ¶ 81-83, quoting State v. Quinones, 11th Dist. No. 2003-L-015,2005-Ohio-6576, at ¶ 38-39.
 {¶ 18} We review the trial court's decision in granting or denying a separation trial under an abuse of discretion. State v.Brunelle-Apley, 11th Dist. No. 2008-L-014, 2008-Ohio-6412, at ¶ 108. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157. (Citations omitted.)
 {¶ 19} The evidence presented at trial in the instant case demonstrates that Hupp was not prejudiced by the joinder of the offenses. The evidence of this case, as it relates to each separate count of domestic violence, was simple and direct. The crimes at issue were committed on separate dates, occurred at different times of the day, and Nicole sustained different injuries on each occasion. The jury was presented with photographs of the injuries sustained by Nicole in each incident. In addition, different witnesses testified regarding the two incidents: Officer Zella and Sergeant Byers testified regarding the incident of September 8, 2007, and Sergeant Brown testified regarding the incident on November 12, 2007. Moreover, the trial court instructed the jury:
 {¶ 20} "Now the charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence *Page 6 
applicable to each count uninfluenced by your verdict as to the other count. The defendant may be found guilty or not guilty of any one or all of the offenses charged."
 {¶ 21} Hupp further alleges that certain testimony elicited from Cynthia Baker, the police dispatcher, and Deborah Schultz, Nicole's mother, mingled the evidence of the separate charges. However, based upon a review of the record, we determine this argument to be without merit. First, it is apparent from Ms. Baker's testimony that she was specifically referring to the disks of the 911 calls from each incident. Second, Ms. Shultz's testimony undoubtedly delineates the two instances of conduct. As such, based upon the record before us, we do not find the trial court abused its discretion in denying Hupp's motion to sever the two charges of domestic violence. Hupp's first assignment of error is overruled.
 {¶ 22} As Hupp's second assignment of error, he alleges:
 {¶ 23} "The verdict of the trial court was against the manifest weight of the evidence because the State of Ohio failed to prove each and every element of the crimes of domestic violence, felonies of the fourth degree."
 {¶ 24} Although Hupp alleges in his second assignment of error the verdict was against the manifest weight of the evidence, he has failed to support his argument. Instead, he attacks the sufficiency of the evidence by arguing that the "[s]tate failed to satisfactorily prove an underlying misdemeanor domestic violence conviction," and the underlying conviction relied upon by the state resulted from an uncounseled plea.
 {¶ 25} When reviewing a challenge of the sufficiency of the evidence, a reviewing court examines the evidence admitted at trial and determines "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a *Page 7 
reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 26} As stated in R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "Whoever violates this section is guilty of domestic violence." R.C. 2919.25(D)(1).
 {¶ 27} Additionally, R.C. 2919.25(D)(3), the penalty-enhancement provision, provides, in pertinent part:
 {¶ 28} "(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence * * * a violation of division (A) or (B) of this section is a felony of the fourth degree * * *."
 {¶ 29} The Supreme Court of Ohio, in State v. Brooke,113 Ohio St.3d 199, 2007-Ohio-1533, at ¶ 9, set forth the following standard in relation to uncounseled convictions:
 {¶ 30} "Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm. State v.Brandon (1989), 45 Ohio St.3d 85, 86; Nichols v. United States (1994), 511 U.S. 738." (Parallel citations omitted.) *Page 8 
 {¶ 31} Recently, the Supreme Court of Ohio, in State v. Thompson, Slip Opinion No. 2009-Ohio-314, at ¶ 7, explained the Brooke decision, stating:
 {¶ 32} "[N]either 2945.75 nor Brooke requires the state to prove that the defendant had been represented or that he had validly waived representation. According to Brooke, the state does not have the burden of proving that Thompson had been represented or that he had validly waived representation unless Thompson makes a prima facie showing that he had been `uncounseled' in his prior convictions — that is, that he had not been represented and that he had not validly waived representation. * * * A bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an `uncounseled' plea."
 {¶ 33} In State v. Vacchelli, 11th Dist. No. 2007-A-0078,2008-Ohio-1780, at ¶ 13-14, this court discussed whether the appellant's uncounseled, prior domestic violence conviction could be used to enhance his current conviction to a fourth-degree felony. We stated:
 {¶ 34} "Thus, `(a)n uncounseled misdemeanor conviction cannot be used to enhance a sentence in a later conviction. State v. Brandon (1989),45 Ohio St.3d 85, 87. An uncounseled conviction is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel.' State v. Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243, ¶ 13, citing State v. Carrion (1992), 84 Ohio App.3d 27, 31.
 {¶ 35} "When a defendant contests the use of a prior conviction on the ground that he or she has entered an uncounseled plea in the prior case, the burden is on the defendant to introduce evidence to make a prima-facie showing of constitutional *Page 9 
infirmity. Id. at ¶ 14. Thus, `(w)here questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.' Brooke, at ¶ 11. Once the prima-facie case is made, then the burden shifts to the state to prove that the right to counsel was properly waived. Id. To do so, the state must show there was a knowing, voluntary, and intelligent waiver of the right to counsel under the Sixth Amendment. Id. at ¶ 25."
 {¶ 36} Contrary to Hupp's assertion, the burden is not initially upon the state to demonstrate that he was represented by counsel in the prior domestic violence conviction or that he validly waived representation, for the burden is initially on Hupp to demonstrate a prima facie showing that his prior conviction was uncounseled. State v. Brooke,113 Ohio St.3d 199, at ¶ 11; State v. Thompson, 2009-Ohio-314, at ¶ 7. In the instant case, Hupp did not challenge the use of his prior conviction in the trial court and, therefore, he has not established a prima facie showing that his prior conviction was unconstitutional.
 {¶ 37} We further recognize that in the case subjudice, the state submitted to the trial court evidence of Hupp's prior misdemeanor domestic violence conviction, including the judgment entry of conviction and waiver of counsel form. The waiver of counsel form is signed by appellant and demonstrates that he appeared in open court and knowingly waived his right to counsel. See, State v. Sartain, 11th Dist. No. 2007-L-167, 2008-Ohio-2124, at ¶ 18, fn. 1. *Page 10 
 {¶ 38} Based on the foregoing, Hupp's second assignment of error is without merit.
 {¶ 39} The judgment of the Lake County Court of Common Pleas is hereby affirmed.
MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1